720 F.2d 996
 33 Fair Empl.Prac.Cas. 599,
32 Empl. Prac. Dec. P 33,942
Brenda Rowe HALE, Appellant,
v.
NORTH LITTLE ROCK HOUSING AUTHORITY; David A. Bogard,
Attorney; Director William Clements, Appellees.
 No. 83-2151.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1983.
Decided Nov. 17, 1983.
 
 Brenda Rowe Hale, pro se.
 Janet L. James, North Little Rock, Ark., for appellee.
 Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Brenda Rowe Hale, a black woman, appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing her employment and housing discrimination claims against the North Little Rock Housing Authority, its attorney and director. For reversal appellant argues, inter alia, that the district court erred in refusing to appoint counsel to represent her and in finding that the North Little Rock CETA Program rather than the Housing Authority was her employer for purposes of a Title VII action. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Appellant began working for the North Little Rock Housing Authority as a CETA employee on May 16, 1977. Her job was to drive a van for the Housing Authority's senior citizen program. On May 26, 1977, she was discharged after she refused to drive the van at night. Appellant explained that she was attending classes at a local college three nights a week and therefore could not work evenings. Sometime thereafter, the Housing Authority instituted successful proceedings in state court to evict appellant for nonpayment of rent.
 
 
 3
 Claiming that she was fired because of her race and sex, appellant filed an employment discrimination claim with EEOC against the Housing Authority. Appellant received a right-to-sue letter on January 15, 1982, and filed a motion in the district court seeking the appointment of counsel on April 14, 1982. The court construed this motion as the filing of an action under Title VII. The motion was conditionally denied pending a showing that appellant could not retain private counsel. In the meantime, appellant filed a complaint setting forth claims of employment and housing discrimination against the Housing Authority. Several months later, appellant filed an affidavit from an attorney who stated that he would not accept appellant's case on a contingency basis. The district court then denied the motion for appointment of counsel, explaining that the complaint did not raise meritorious issues of a complex nature warranting the appointment of counsel.
 
 
 4
 A bench trial was held on July 14, 1983. The court held that appellant could not maintain a Title VII action against the Housing Authority because her employer for Title VII purposes was the North Little Rock CETA Program. The court further held that appellant's discharge was not based on race or sex but on her unwillingness to carry out her job responsibilities.
 
 
 5
 With respect to appellant's discriminatory eviction claim, the district court determined that she was several months delinquent in her rent and had been involved in several altercations with Housing Authority management and her neighbors at the time eviction proceedings were instituted. On these facts the court found no housing discrimination against appellant on the basis of her race or sex. The court accordingly awarded judgment and costs to defendants.
 
 
 6
 Appellant's claim that the district court erred in denying her motion for appointment of counsel is meritless. Section 706(f) of Title VII, 42 U.S.C. Sec. 2000e-5(f) (1976), provides that the district court may appoint counsel "in such circumstances as the court may deem just." This decision is reviewable only for an abuse of discretion. See, e.g., Hudak v. Curators of the University of Missouri, 586 F.2d 105, 106-07 (8th Cir.1978). In ruling upon a motion for appointment of counsel, the district court may consider the merits of the claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to retain an attorney. See Bradshaw v. Zoological Society, 662 F.2d 1301, 1318 (9th Cir.1981); Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir.1977). The district court did not abuse its discretion in the present case because appellant made almost no effort to retain counsel and the issues presented were neither complex nor facially meritorious.
 
 
 7
 We leave open the question whether the Housing Authority or the North Little Rock CETA Program was appellant's employer for the purposes of this Title VII action and affirm the judgment of the district court on the merits. Appellant admitted that she refused to work during the evenings as required by the job. Therefore, the district court's finding of no discrimination is not clearly erroneous. See Pullman-Standard v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982).
 
 
 8
 We have reviewed appellant's remaining claims[2] and find them to be without merit.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Appellant alleged that her discharge did not comply with the CETA grievance procedure and violated CETA regulations proscribing CETA employees from working at night. These claims apparently were not raised in the district court and we do not reach them here. Appellant also claimed that her husband was denied a job with the Housing Authority as a patrolman because of a low score he received on a civil service test. Appellant does not have standing to complain of any violations of her husband's rights