828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cyrus H. KHABIRI, Priscilla J. Khabiri, Zhaleh S. Khabiri,
Plaintiffs-Appellants,
v.
John S. TOLL, individually and as a School Official; Robert
L. Gluckstern, individually and as a School Official;
William L. Thomas, Jr., individually and as a School
Official; George J. Funaro, individually and as a School
Official; John R. Beaton, individually and as a School
Official; Betty F. Smith, individually and as a School
Official; John N. Ruth, individually and as a School
Instructor; Vincent M. Brannigan, individually and as a
School Instructor; Gary M. Pavela, individually and as a
School Official; The Board of Regents; Peter F. O'Malley,
individually and as an Official Agent of the Members of the
Board of Regents, Defendants-Appellees.
Cyrus H. KHABIRI, Zhaleh S. Khabiri, Priscilla J. Khabiri,
Plaintiffs-Appellants,
v.
John S. TOLL, individually and as a School Official; Robert
L. Gluckstern, individually and as a School Official;
William L. Thomas, Jr., individually and as a School
Official; George J. Funaro, individually and as a School
Official; John R. Beaton, individually and as a School
Official; Betty F. Smith, individually and as a School
Official; John N. Ruth, individually and as a School
Instructor; Vincent M. Brannigan, individually and as a
School Instructor; Gary M. Pavela, individually and as a
School Official; The Board of Regents; Peter F., O'Malley,
Individually and as an Official Agent of the Members of the
Board of Regents, Defendants-Appellees.
Cyrus H. KHABIRI, Zhaleh S. Khabiri, Priscilla J. Khabiri,
Plaintiffs-Appellants,
v.
John S. TOLL, individually and as a School Official; Robert
L. Gluckstern, individually and as a School Official;
William L. Thomas, Jr., individually and as a School
Official; George J. Funaro, individually and as a School
Official; John R. Beaton, individually and as a School
Official; Betty F. Smith, individually and as a School
Official; John N. Ruth, individually and as a School
Instructor; Vincent M. Brannigan, individually and as a
School Instructor; Gary M. Pavela, individually and as a
School Official; The Board of Regents; Peter F. O'Malley,
individually and as an Official Agent of the Members of the
Board of Regents, Defendants-Appellees.
 Nos. 86-2514, 86-2535 and 86-2618
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1987.
Decided August 18, 1987.
 
 Cyrus H. Khabiri, Priscilla J. Khabiri, Zhaleh S. Khabiri, appellants pro se.
 J. Joseph Curran, Jr., Attorney General William Carter Lester, Jr., Office of the Attorney General, for appellees.
 Before DONALD RUSSELL, WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Zhaleh Khabiri, a former University of Maryland student, and her parents, Cyrus and Priscilla, initiated this civil rights action pro se on August 18, 1982, alleging that the defendants' imposition of disciplinary sanctions upon Zhaleh for academic dishonesty was in violation of the first, fourth, fifth, sixth, eighth, thirteenth and fourteenth amendments, and 42 U.S.C. Secs. 1981, 1982, 1983, 1985(3) and 1986. The district court entered judgment for the defendants on February 4, 1986, and this appeal followed.
 
 
 2
 We affirm the judgment below. The district court properly dismissed the following claims under Fed. R. Civ. P. 12(b)(6): denial of procedural due process based on lack of notice and lack of appointed counsel; unconstitutionality of Md. Educ. Code Ann. Sec. 13-104(d) (1985) and of the University of Maryland's Academic Dishonesty Code; preemption of federal copyright laws; double jeopardy; self-incrimination; cruel and unusual punishment; breach of contract; consumer fraud; discriminatory tuition rates; and violations of the fourth, sixth and thirteenth amendments, 42 U.S.C. Secs. 1981 and 1982, and Title IX of the Education Amendments of 1972.
 
 
 3
 The district court acted within its discretion in dismissing Zhaleh Khabiri's claims under Fed. R. Civ. P. 37. See Rabb v. Amatex Corp., 769 F.2d 996, 1000 (4th Cir. 1985).
 
 
 4
 The district court properly granted summary judgment against Cyrus and Priscilla Khabiri on the grounds that they lacked standing to pursue their daughter's claims, see, e.g., Hale v. North Little Rock Housing Authority, 720 F.2d 996, 998 n.2 (8th Cir. 1983), that their defamation and battery claims failed to state a cognizable claim under 42 U.S.C. Sec. 1983, see Ingraham v. Wright, 430 U.S. 651, 672-82 (1977); Paul v. Davis, 424 U.S. 693, 701-10 (1976), and that any state law claims before the district court pursuant to its pendent jurisdiction should be dismissed upon dismissal of the federal claims, see United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. We deny the requests to hold an oral hearing, to strike the defendants' informal brief, and to file supplementary material.
 
 
 6
 AFFIRMED.