**Gregorio GONZALES, Plaintiff,**

v.

**POSTMASTER GENERAL OF the UNITED STATES, Defendant.**

**No. C–88–0316 SAW.**

United States District Court, N.D. California.

March 25, 1988.

Gregoria Gonzalez, in pro per.

Mary Beth Donley, U.S. Atty.'s Office, San Francisco, Cal., for defendant.

## ORDER DENYING APPOINTMENT OF COUNSEL

WEIGEL, District Judge.

Plaintiff, formerly employed as a mail carrier in Sunnyvale, California sues for employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964. He alleges that, because of his ethnic background and handicapped status, he was denied a push cart to deliver mail, he was denied overtime, and he was constantly harassed. Following an administrative hearing, an administrative judge for the Equal Employment Opportunity Commission recommended a finding of no discrimination on all counts. Plaintiff nevertheless brings suit and moves for appointment of counsel under 42 U.S.C. § 2000e–5(f)(1)(B).

■ Appointment of counsel is appropriate "in such circumstances as the court may deem just." *Id.* In exercising this discretionary power, the court must consider three factors: (1) whether plaintiff's claim has merit, (2) plaintiff's efforts to secure counsel, and (3) plaintiff's financial resources. *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1318 (9th Cir.1981).

■ Plaintiff has failed to exercise reasonable diligence in attempting to obtain assistance of counsel. His moving papers show that plaintiff has contacted only one attorney. Plaintiff requests that the Court appoint that attorney to represent him, since that attorney has been giving plaintiff legal advice on this case for the past eighteen months and "has intimate knowledge and thoroughly understands the intrinsic workings of my case ..."

■ Such a request demonstrates plaintiff's misunderstanding of the purpose behind Title VII's provision for appointment of counsel. That provision is meant as a last resort to prospective plaintiffs who cannot otherwise secure representation. See *id.* It is not a mechanism by which any plaintiff may simply guarantee costs to his preferred choice of counsel. *See generally* General Order No. 25 (N.D.Cal., October 13, 1982). Having contacted only one attorney, plaintiff has failed to demonstrate that appointment of counsel is appropriate in this case. *See Hale v. North Little Rock Housing Authority,* 720 F.2d 996 (8th Cir.1983).[1]

Accordingly,

---

1. Additionally, plaintiff's submissions fail to demonstrate the merits of his claim. Plaintiff, challenging the recommended finding of no discrimination, alleges that the administrative judge "did not consider nor accept the submission into evidence of" the testimony of plaintiff's witnesses. However, there is no dispute that plaintiff's witnesses were allowed to testify. That the administrative judge, having heard this testimony, recommended a disposition not to plaintiff's liking does not suggest the procedural flaw plaintiff asserts.

IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel is DENIED.