Charles **ADAMS, Debra Ahern, Juan T. Balboa, Jesse R. Binion, John Bryson, Crispin Cummings, Larry Martin, Frank McGhee, William Milhous, Gloria Pierce, Earnest Speed, and Marva White, Plaintiffs,**

v.

**LEVER BROTHERS COMPANY, Defendant.**

No. 87 C 9037.

United States District Court, N.D. Illinois, E.D.

March 12, 1990.

**816**

Charles Adams, Debra Ahern, Juan T. Balboa, Jesse R. Binion, John Bryson, Crispin Cummings, Larry Martin, Frank McGhee, William Milhous, Gloria Pierce, Earnest Speed and Marva White, pro se.

Ronald Turner, Schiff, Hardin & Waite, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

## I. INTRODUCTION

This is an action by several individuals against their former employer for race and sex discrimination in the termination of their employment. Defendant filed a motion for summary judgment on December 8, 1989, which is still pending but is not fully briefed. On January 4, 1990, the Court granted leave to plaintiffs' privately retained counsel, John Gubbins, to withdraw from the case. Pending are motions by most of the plaintiffs for appointment of new counsel.[1] For the reasons described below, the Court denies plaintiffs' motions.

---

1. Plaintiff Jesse Binion did not move for appointment of counsel. Plaintiffs Juan Balboa

## II. THE STANDARD

■ In considering whether to appoint counsel, the Court must consider three factors: (1) the plaintiff's financial ability to retain counsel; (2) the plaintiff's diligence in attempting to obtain counsel; and (3) the merits of the plaintiff's claim. *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 500–01 (7th Cir.1986). Any one of these factors alone may be determinative. *Id.* at 501. The Court advised plaintiffs of the three factors in open court on January 4, 1990, when the Court instructed them as to how they should apply for appointed counsel if that is how they wished to proceed. The Court shall consider the factors in turn.

## III. FINANCIAL ABILITY

■ On January 18, 1990, the Court instructed plaintiffs in open court and by minute order that appointment of counsel would not be considered unless and until plaintiffs completed and submitted in forma pauperis applications. Plaintiffs Charles Adams, John Bryson, Larry Martin, Frank McGhee, William Milhous and Marva White have all completed in forma pauperis applications which demonstrate a financial inability to retain counsel.

Plaintiff Crispin Cummings submitted an in forma pauperis application which states that he is currently employed and receives a salary of $1,358.72 per month. He lists as dependents his wife and four children and states that he makes child support payments on behalf of one of the children. He did not answer the question of how much he contributes to the support of these dependents. The Court assumes, for purposes of this motion, that Cummings is financially unable to retain counsel.

Plaintiffs Debra Ahern and Ernest Speed did not submit in forma pauperis applications. The Court cannot, therefore, find that they are financially unable to retain counsel.

and Gloria Pierce were dismissed from the case on January 4, 1990 for want of prosecution.

## IV. EFFORTS TO SECURE COUNSEL

The second factor in determining whether appointment of counsel is warranted is a plaintiff's efforts to obtain counsel. The fact that plaintiffs may not be financially able to retain counsel does not establish that they are unable to find counsel at all, for there are attorneys who are willing to accept cases on a contingency-fee basis or *pro bono* basis. Where a plaintiff does not attempt to seek out such opportunities for representation, denial of a motion for appointment of counsel is appropriate. *See, e.g., Hale v. North Little Rock Housing Authority,* 720 F.2d 996, 998 (8th Cir.1983). In this case, none of the plaintiffs answered the question on the appointment of counsel form which calls for the plaintiff to list the attempts which have been made to obtain counsel.[2]

## V. MERITS OF PLAINTIFFS' CLAIMS

Defendant argues that plaintiffs' claims are frivolous and thus do not support the appointment of counsel, relying on the same arguments presented in the pending motion for summary judgment. Because that motion is not fully briefed at this time, the Court will not make a final ruling on the merits of the case. However, the Court must make a preliminary examination of the merits in order to consider the third factor for appointment of counsel. From that preliminary examination, the Court agrees that plaintiffs' case appears extremely weak.

Plaintiffs' complaint purports to allege two causes of action. In Count I, plaintiffs allege that they were discharged because of their race and/or sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In Count II, all plaintiffs except Ahern (who is white) allege that defendant harassed and terminated black employees in violation of 42 U.S.C. § 1981.

■ Count II can be disposed of fairly quickly, for termination and harassment are not cognizable under § 1981. *See Patterson v. McLean Credit Union,* — U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Hall v. County of Cook,* 719 F.Supp. 721 (N.D.Ill.1989) (interpreting *Patterson* as precluding § 1981 action based on termination of employment).

With respect to Count I, it is evident from the materials submitted by defendant that it will be difficult for plaintiffs to prove that they were terminated because of their race or sex. Defendant contends that plaintiffs were all terminated as the result of a company investigation into the distribution and use of illegal drugs by its employees. In connection with its summary judgment motion, defendant has submitted sworn statements by some plaintiffs implicating themselves and the other plaintiffs as distributors and users of illegal drugs. Although the Court has not yet required plaintiffs to respond to the motion for summary judgment, plaintiffs have long been aware of defendant's position and of the relevance of this evidence to their motions for appointment of counsel. Nonetheless, the Court has not received or seen any allegations or evidence on plaintiffs' behalf which tends to rebut defendant's contentions. In the context of motions for appointment of counsel, the Court generally affords plaintiffs the benefit of the doubt in considering the merits of their lawsuits. Here, however, in light of this very damaging evidence, the Court cannot find that plaintiffs' claims are sufficiently meritorious to warrant appointment of counsel.

## VI. CONCLUSION

None of the plaintiffs have demonstrated that they have made efforts to obtain counsel, and none of them has presented a claim which the Court can view as likely to succeed on the merits. With respect to two plaintiffs, the Court also cannot find that they are financially unable to retain counsel. Thus two plaintiffs fail on all three of the relevant factors, and the remaining

---

**2.** A few of the plaintiffs did respond by referring to Mr. Gubbins, their original attorney. They do not state that they have made any attempt to find a replacement for Mr. Gubbins.

Furthermore, the fact that they were able to secure counsel on the occasion when they did make an effort undercuts their current motions for appointment of counsel.

plaintiffs fail on two of the factors. Because all three factors should be satisfied before counsel is appointed, the Court denies plaintiffs' motions for appointment of counsel. Plaintiffs will be afforded thirty days to respond to defendant's motion for summary judgment.