AMERICAN HOME INVESTMENT COMPANY, Appellant,

v.

Gontran T. BEDEL et al., Appellees.

No. 75–1174.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1975.

Decided Dec. 3, 1975.

Rex J. Ridenour, Davenport, Iowa. Concluded by Mr. Ridenour, for appellant.

D. Jeff Lance, St. Louis, Mo., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by plaintiff American Home Investment Company from order denying plaintiff's motion for a preliminary injunction.

On March 21, 1974, defendants, a group of 10 minority stockholders of plaintiff corporation, filed a shareholders' derivative action in the Iowa state court alleging mismanagement of the plaintiff and asking the Court to assume jurisdiction over all corporate property and do all things necessary to preserve

the interest of the corporation and its shareholders.

Complaint was filed in the United States District Court for the Southern District of Iowa on May 15, 1974, asserting that the solicitation of funds for prosecuting the derivative action by stockholder Kelly and his counsel constituted violation of § 14(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78n(a), by conducting a solicitation of a proxy, consent or authorization in violation of the rules and regulations of the Securities and Exchange Commission.

On November 4, 1974, plaintiff filed a motion for preliminary injunction pursuant to Rule 65, Fed:R.Civ.P., seeking to enjoin the prosecution of the state derivative action. The motion for preliminary injunction was denied for reasons set out in the trial court's well-reasoned memorandum opinion (not reported).

Jurisdiction of the District Court is based on 15 U.S.C. § 78aa (1970). Jurisdiction of this court is based on 28 U.S.C. § 1292(a)(1) (1970).

The only issue before us on this appeal is whether the trial court committed error or abused its discretion in denying the temporary restraining order.[1]

■ The scope of review of an order denying a preliminary injunction is very limited. A large degree of discretion is vested in the trial court. A reversal is only warranted where the moving party has met the heavy burden resting upon him to show an abuse of discretion. *Economic Development Corp. v. Model Cities Agency*, 519 F.2d 740, 742 (8th Cir. 1975); *Minnesota Bearing Co. v. White Motor Corp.*, 470 F.2d 1323, 1326 (8th Cir. 1973).

In *Minnesota Bearing Co., supra*, we said:

In order to justify the issuance of a preliminary injunction by the trial court, the movant has the burden of showing:

(1) substantial probability of success at trial by the moving party, and

(2) irreparable injury to the moving party absent such issuance.

Other factors which may be considered in the decision to grant or to deny the request are the absence of substantial harm to other interested parties, and the absence of harm to the public interest. *See* 3 B & H Federal Practice and Procedure § 1433 at 490–493 (Wright Ed. 1958); *accord, Winkleman v. New York Stock Exchange*, 445 F.2d 786, 789 (3rd Cir. 1971). [470 F.2d at 1326.]

■ The trial court upon the basis of the record before it determined:

The Court is not persuaded that a solicitation for funds to finance a derivative action which seeks to place control of corporate action in the courts is equivalent to a proxy solicitation which has as its ultimate purpose the influencing of corporate action through corporate sufferage. Since plaintiff has failed to demonstrate the minimal relationship between the challenged letters and the exercise of corporate sufferage the Court deems essential, it has failed to show a necessary element of its case for preliminary relief, a substantial probability of success on the merits. The Court is therefore of the opinion that the motion for preliminary injunction should be denied.

We are satisfied the court did not abuse its discretion in denying a preliminary injunction.

As we stated in *Economic Development Corp., supra*, "our discussion of the likelihood of success on the merits must not be taken to preordain the eventual outcome of the litigation." 519 F.2d at 744.

The order denying a preliminary injunction is affirmed.

1. The Court for reasons stated in its memorandum opinion denied defendants' motion to dismiss plaintiff's action. The propriety of such action is not before us on this appeal.