SENIORS UNITED FOR ACTION et al., Appellants,

v.

Robert RAY, individually and in his official capacity as Governor of the State of Iowa et al., Appellees.

No. 80–1841.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1980.

Decided Dec. 31, 1980.

Martin Ozga, argued, Carroll L. Lucht, argued, Legal Services Corp. of Iowa, Des Moines, Iowa, for appellants.

Thomas J. Miller, Atty. Gen. of Iowa, John G. Black, Sp. Asst. Atty. Gen., argued, Candy Morgan, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before BRIGHT and STEPHENSON, Circuit Judges, and LARSON, Senior District Judge.*

BRIGHT, Circuit Judge.

Appellants, Seniors United for Action, bring this appeal from an order of the district court [1] denying a preliminary injunction. We affirm the district court.

Appellants' complaint challenges a cutback in Medicaid benefits adopted by the Iowa legislature and implemented by the Iowa Department of Social Services.[2] Appellants attack the enactment and implementation of this legislation on several grounds, but press only two contentions on appeal. The appellants argue that

(1) appellees failed to comply with the public notice requirements of 42 C.F.R. § 447.205 (1979); [3] and

---

* EARL R. LARSON, United States Senior District Judge, District of Minnesota, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

2. The 68th Iowa General Assembly adopted an appropriations bill, House File 2580, which provides in part:

Sec. 76. The department of social services shall adopt rules * * * as follows:

    \*    \*    \*    \*    \*    \*

2. To eliminate payment for laxative drugs.

3. To limit orthodontia and posterior dental bridgework, except that assistance shall be available for injuries requiring emergency treatment.

4. To limit the types of eyeglass frames provided.

5. To extend the time period which must elapse before a person may obtain new eyeglasses, except that provision shall be made for emergency needs.

6. To provide that dentures shall be replaced no oftener than once every five years, except that allowance shall be made for emergency needs.

7. To provide reimbursement for hearing aids at factory cost plus a dispensing fee covering ear mold fitting and service for six months, and payment for batteries as requested by recipient.

8. To provide co-payment for the following optional services–dental, optometry, optical, audiology, orthopedic shoes, hearing aids and medical equipment.

9. To provide for a fifty cent drug co–payment * * *.

[1980 Iowa Legis.Serv. 871, 908–09.] Through specifically authorized emergency rules, the cost sharing plan was implemented on July 1, 1980. The Department of Social Services drafted rules concerning the cutbacks, which were adopted by the Council on Social Services on June 26, 1980. The rules became effective on June 30, 1980.

3. This regulation provides in part:

§ 447.205 *Public notice of changes in Statewide method or level of reimbursement.*

(a) *When notice is required.* Except as specified in paragraph (b) of this section, the agency must provide public notice of any proposed change in the Statewide method or level of reimbursement for a service, if the change is expected to increase or decrease

(2) appellees failed to provide the Iowa Medical Assistance Advisory Council with an opportunity to participate in the development of the Medicaid cutback plan, in violation of 42 U.S.C. § 1396a(a)(2), (22)(D) (1976) and 42 C.F.R. § 431.12 (1979).[4]

■ Our scope of review of an order denying a preliminary injunction is very limited. We cannot reverse unless we determine that the district court abused its discretion or based its decision on an erroneous legal premise. *Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857, 859 (8th Cir. 1980); *Federal Trade Commission v. National Tea Co.*, 603 F.2d 694, 696 (8th Cir. 1979); *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975); *Minnesota Bearing Co. v. White Motor Co.*, 470 F.2d 1323, 1326 (8th Cir. 1973).

To justify the issuance of a preliminary injunction, the movant must demonstrate either 1) probable success on the merits and possible irreparable injury, or, under some circumstances, 2) a sufficiently serious question on the merits to make it a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief. *Rittmiller v. Blex Oil, Inc., supra*, 624 F.2d at 860; *Young v. Harris*, 599 F.2d 870, 875--76 (8th Cir.), *cert. denied*, 444 U.S. 993, 100 S.Ct. 526, 62 L.Ed.2d 423 (1979); *Fennell v. Butler*, 570 F.2d 263 (8th Cir.), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3093, 57 L.Ed.2d 1136 (1978).[5]

■ The district court, in denying the preliminary injunction, found neither irreparable harm nor probable success by plaintiff on the merits. The court also observed that "the balance of hardships do not tip decidedly toward plaintiffs." Thus the district court recognized the legal standards for issuance of a preliminary injunction as articulated by this court.

We observe that the resolution of the legal issues in this case is not without substantial difficulty, but the plaintiff failed to demonstrate irreparable harm or a balance of hardships tipping in its favor. We cannot say, therefore, that the district court abused its discretion. Additionally, as noted by the district court, appellants may present

the same issues involved herein again at trial in this matter. The Court's ruling is merely limited to the record established at the oral hearing held in this matter, including the briefs, pleadings and affidavits filed herein. In no respect should this ruling be construed as foreclosing plaintiffs from rearguing these same issues at trial.

Accordingly, we affirm the order denying the preliminary injunction. We further direct that the mandate issue forthwith so that the district court may expeditiously resolve the merits of the dispute and enter a final judgment in this case.

---

Medicaid payments for that service by 1 percent or more during the 12 months following the effective date of the change.

**4.** Under the provisions of 42 U.S.C. § 1396a(a)(2), (22)(D) (1976), the states must establish standards and methods to ensure the provision of high quality medical care under their Medicaid programs. One such method mandated by the Secretary of Health and Human Services is the establishment of a medical care advisory committee. 42 C.F.R. § 431.12 (1979). Under 42 C.F.R. § 431.12(e), the committee

must have opportunity for participation in policy development and program administration, including furthering the participation of recipient members in the agency program.

**5.** The resolution of the appropriate test is now before the *en banc* court in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1980) (*rehearing granted* Sept. 18, 1980).