**SENIORS UNITED FOR ACTION; South Central Iowa Federation of Labor-Retired Unionists AFL–CIO; Advocator Welfare Answering Service; Earlene Ross; Lillie May Wertz; Donna Krupe; Nancy Good; Mary Ellen Null; Mindy Whitehead; and Deidra Lynn Reilly, On behalf of themselves and all other persons similarly situated, Appellants,**

v.

**Robert RAY, Individually and in his official capacity as Governor of the State of Iowa; Michael V. Reagen, Individually and in his official capacity as Commissioner, Iowa State Department of Social Services; and Donald Kassar, Individually and in his official capacity as Chief, Bureau of Medical Services, Iowa State Department of Social Services, Appellees.**

No. 81–1708.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1982.

Decided April 9, 1982.

Martin Ozga, Carroll L. Lucht, Legal Services Corp. of Iowa, Des Moines, Iowa, for appellants.

Thomas J. Miller, Atty. Gen. of Iowa, John G. Black, Sp. Asst. Atty. Gen., Candy Morgan, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and WOODS,* District Judge.

WOODS, District Judge.

Plaintiffs brought this action seeking to enjoin the continued implementation of policy changes begun July 1, 1980 in the Medicaid program of the State of Iowa, which resulted from house file 2580, passed by the Iowa House of Representatives on April 18, 1980, by the Iowa Senate on April 24, 1980, and signed by the Governor on May 26, 1980. These policy changes provided, *inter alia*, for the elimination of payment for laxative drugs, the limitation of orthodontia and posterior dental bridgework to emergency situations, a limitation on the types of eyeglass frames provided, the limitation of the replacement of eyeglasses and dentures (with special allowances for emergency needs), the imposition of a co-payment for dental, optometric, optical, audiological, orthopedic, hearing aid and medical equipment services, and the imposition of a 50 cent co-payment on all prescription drugs.

This Court affirmed the decision of the District Court,[1] denying plaintiffs' motion for preliminary injunction finding that plaintiffs had failed to demonstrate irreparable harm or a balance of hardships tipping decidedly in their favor. *Seniors Unit-*

---

* Henry Woods, District Judge, Eastern District of Arkansas, sitting by designation.

1. The Honorable Donald E. O'Brien, Judge, United States District Court for the Northern District of Iowa.

ed for Action v. Ray, 635 F.2d 746 (8th Cir. 1980). At the trial on the merits, the District Court held in favor of defendants.

Although the trial court acknowledged that the defendants had failed to comply with notice provisions found at 42 C.F.R. § 431.210 and 42 C.F.R. § 447.205, the court concluded that the notice defects were cured after the initiation of this lawsuit by notices given on August 20, 1980 to the recipients of Medicaid benefits and public notice given in early November, 1980. Plaintiffs' appeal is directed at claimed deficiencies in the procedure followed by the State in providing notice to the Medicaid recipients and to the public and also at the alleged failure of the State to properly consult the Medical Assistance Advisory Council before implementation of the challenged policy changes.[2]

On December 3, 1981 the primary regulation at issue, 42 C.F.R. § 447.205,[3] was amended. The amended version of this regulation substantially reduced the obligations of the defendants prior to a reduction of benefits as implemented in this case. In particular, the mandatory length of the comment period is eliminated. The notices at issue, while possibly lacking when examined in light of the original version of this disputed regulation, are sufficient when examined in light of the amended regulation. At oral argument, it became clear to the Court and the parties that the issue of whether or not the amended version of the regulation applied would determine the outcome of the case. The parties were instructed to submit post-argument briefs on the issue of whether the amended regulation should govern this appeal and further, what remedy would be available to the appellants should they prevail. Although this Court has serious doubts as to the defendants' compliance with § 447.205 prior to its amendment, the issues which would necessarily have to be addressed in reviewing the District Court's opinion in this respect need not be reached if the regulation as amended governs this case.[4] Therefore, the Court

2. For a more complete development of the facts, see the District Court's Findings of Fact set out in *Seniors United for Action v. Ray*, 529 F.Supp. 55 (ND Iowa, 1981).

3. The amended version of § 447.205 found at 46 Fed.Reg. 5868 (December 3, 1981) reads in pertinent parts as follows:

§ 447.205 Public notice of changes in State-wide methods and standards for setting payment rates.

(a) *When notice is required.* For services other than those covered by § 447.205, and except as specified in paragraph (b) of this section, the agency must provide public notice of any significant proposed change in the methods and standards for setting payment rates for services.

(b) *When notice is not required.* Notice is not required if—

(1) The change is being made to conform to Medicare methods or levels of reimbursement;

(2) The change is required by court order; or

(3) The change is based on changes in wholesalers' or manufacturers' prices of drugs or materials, if the agency's reimbursement system is based on material cost plus a professional fee.

(c) *Content of notice.* The notice must—

(1) Describe the proposed change in methods and standards;

(2) Give an estimate of any expected increase or decrease in annual aggregate expenditures;

(3) Explain why the agency is changing its methods and standards;

(4) Identify a local agency in each county (such as the social services agency or health department) where copies of the proposed changes are available for public review;

(5) Give an address where written comments may be sent and reviewed by the public; and

(6) If there are public hearings, give the location, date and time for hearings or tell how this information may be obtained.

(d) *Publication of notice.* The notice must—

(1) Be published before the proposed effective date of the change;

(2) Appear as a public announcement in one of the following publications;

(i) A State register similar to the Federal Register.

(ii) The newspaper of widest circulation in each city with a population of 50,000 or more.

(iii) The newspaper of widest circulation in the State, if there is no city with a population of 50,000 or more.

4. While issues other than compliance with 42 C.F.R. § 447.205 have been raised by the appellants, we find that the Eleventh Amendment effectively precludes any retrospective relief to which the appellants might argue they would be entitled for the appellees' alleged non-compliance with 42 C.F.R. § 431.210 and further, hold that the District Court did not err in concluding that the Medical Assistance Advisory

must now determine whether or not the original version of 42 C.F.R. § 447.205 applies or whether the amended version dated December 3, 1981 applies.

Absent manifest injustice, appellate courts must apply the law in effect at the time it renders its decision. *Thorpe v. Housing Authority of The City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Bradley v. School Board of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Iowa Power & Light Co. v. Burlington Northern, Inc.*, 647 F.2d 796 (8th Cir. 1981); *Flanigan v. Burlington Northern, Inc.*, 632 F.2d 880 (8th Cir. 1980). Unless this Court determines that manifest injustice would result, the amended version of 42 C.F.R. § 447.205 must be applied to the facts in the instant case. In determining whether or not manifest injustice will result, three factors must be considered: "(a) The nature and identity of the parties; (b) the nature of their rights; and (c) the nature of the impact of the change in law upon those rights." *Bradley v. School Board of Richmond, supra* at 717, 94 S.Ct. at 2019.

The distinction between private cases between individuals and litigation involving great national concerns and parties who are public entities must be considered in applying the first *Bradley* factor to this case. National concerns and public parties encourage retroactive application of the legislation at issue. *Iowa Power & Light Co. v. Burlington Northern, Inc., supra* at 805. In the present case, public entities or persons representing public entities are involved on the subject of Medicaid benefit reduction which cannot be characterized as less than a national concern. This national concern is best exhibited by the public participation and comments which are reflected in the introductory discussion of the rationale leading to the amendment of the regulation. 46 Fed.Reg. 58677–80.

The regulation at issue, prior to amendment, did not vest or cause to mature

any substantive rights in favor of the plaintiffs. Rather, it provided a procedural framework for the States to work within in altering benefit levels or methods of payment. The amended regulation deals with similar procedural matters and does not create or enlarge any rights previously had by the plaintiffs. Therefore, an application of the second *Bradley* factor to the instant case militates in favor of the amended regulation.

Since no "new and unanticipated obligations" are put upon the defendants by finding that the amended regulation applies to the instant case, *Iowa Power & Light Co. v. Burlington Northern, Inc., supra* at 806, and since no significant impact is placed upon the plaintiffs' existing rights by the implementation of this new regulation, *Flanigan v. Burlington Northern, Inc., supra* at 889, an application of the third *Bradley* factor likewise favors the conclusion that the amended regulation controls.

In light of the application of the three factors set forth in *Bradley v. School Board of Richmond, supra*, we conclude that the manifest injustice exception does not apply and, therefore, the amended version of 42 C.F.R. § 447.205 controls. The procedure followed by the defendants in effectuating the challenged policy changes is not violative of this amended regulation. For the reasons set forth herein, the District Court is affirmed.

Council had an adequate opportunity to comment on the proposed changes in the Medicaid program prior to their implementation.