**John SALTARIKOS, Plaintiff,**

v.

**CHARTER MANUFACTURING CO., INC., d/b/a Charter Wire Corporation, Defendant.**

**Civ. A. No. 88–C–1328.**

United States District Court,
E.D. Wisconsin.

Jan. 8, 1992.

Thomas Nelson, Milwaukee, Wis., for plaintiff.

Fred Groiss, Quarles & Brady, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

TERENCE T. EVANS, Chief Judge.

This case, set for trial today, raises the troubling question of whether the Civil Rights Act of 1991 is to be applied retroactively. Strange as it may seem, the act which was signed into law by President Bush on November 21, 1991, is silent on the important question of whether or not the law is to have retroactive effect. To my knowledge, no federal courts in Wisconsin have addressed the issue of retroactivity. The issue, however, has been addressed by the Equal Employment Opportunity Commission. It recently declared in no uncertain terms that the law is not to be given retroactive effect. A few federal courts around the country have reached conflicting conclusions regarding retroactivity. Against this rather uncertain landscape, I conclude that the law is to be applied retroactively. Accordingly, my September 11, 1990, decision which dismissed, without objection, a portion of this case is VACATED. The section 1981 claim of Mr. Saltarikos is resurrected.

I am mindful of the controversy created by the issue of retroactivity. See the attached article from the December 31, 1991, edition of *The New York Times*. But it seems to me that remedial legislation such as the Civil Rights Act has historically been construed broadly by the judiciary. No one would dispute the fact that the purpose of the law is to broaden the rights of persons claiming that they have been the victim of discrimination. It makes no sense to broaden those rights on one hand and then deny the wider effect of the law to people who have pending cases or have been the victims of discriminatory conduct prior to November of 1991.

It would be particularly harsh to deny retroactivity in this case. When it was filed on December 9, 1988, Mr. Saltarikos' complaint included a section 1981 claim. Then on June 15, 1989, the Supreme Court decided *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), which cast considerable doubt on the validity of section 1981 claims. However, in a decision filed September 11, 1990, I declined to dismiss the claim unless and until the scope of *Patterson* became clearer. That happened on July 2, 1990, when the Court of Appeals for the Seventh Circuit issued *McNight v. General Motors Corp.*, 908 F.2d 104 (7th Cir.1990). Subsequently, on September 11, 1990, with no objection from him, I dismissed Mr. Saltarikos' section 1981 claim.

Now Congress has spoken with the clear intent to correct what it thought was the Supreme Court's erroneous view of certain aspects of the law on civil rights. Section 1981 claims are revived under the 1991 law. To deny Mr. Saltarikos retroactivity under these circumstances would be unjust.

Accordingly, Mr. Saltarikos may present his section 1981 claim to the jury today.

SO ORDERED.

# AGENCY RESTRICTS SCOPE OF REDRESS IN OLD BIAS CASES

## CURB ON JOB RIGHTS LAW

### U.S. Panel Says Benefits From New Statute Do Not Apply to Earlier Complaints

**By ROBERT PEAR**
Special to The New York Times

WASHINGTON, Dec. 30 — In an authoritative statement of policy, the Equal Employment Opportunity Commission declared today that the new civil rights law does not apply to thousands of cases filed by people who say they suffered job discrimination before the measure was signed by President Bush ( Nov 21

The ruling means that workers who filed complaints of discrimination before that date must try to prevail under the old rules, which made it much harder to prove discrimination and limited the compensation they could obtain if they won.

Under the commission's policy, the benefits of the new law, including jury trials and punitive and compensatory damages of up to $300,000, would also be unavailable to people who filed lawsuits in the future complaining of discriminatory conduct that occurred before Nov. 21.

#### Sharp Differences of Opinion

Whether the new law applied to pending cases was one of the most important and disputed questions surrounding the measure, passed after more than two years of bitter conflict between Congress and the White House. In debate on the legislation, Republican and Democratic members of Congress expressed sharply differing opinions on that question, and the statute itself does not clearly resolve it. With thousands of cases pending around the country, the question may ultimately be appealed to the Supreme Court.

Evan J. Kemp Jr., chairman of the commission, said the new policy was adopted unanimously by the panel of three Republicans, one Democrat and one independent, all appointed by President Bush or President Reagan. The commission describes itself as "America's primary civil rights law-enforcement agency" and has the authority to

## Agency Restricts Right to Sue Under New Job Discrimination Law

*Continued From Page A1*

carry out laws on discrimination.

In its policy statement, the commission acknowledged that parts of the law create "an inference" that it should apply to past discrimination and to pending cases, and the agency said some judicial precedents would also support that view. But the commission said the Supreme Court's most recent decision on this issue suggests that a new law should not be construed to have retroactive effect where the language of the statute or the intent of Congress is ambiguous.

#### Criticism From Some Lawyers

Civil rights lawyers, criticizing the commission's decision, said it would severely limit the initial impact of the new law. Job discrimination on the basis of race or sex, they note, was illegal before Nov. 21; the effect of the new law is to make discrimination easier to prove and to increase the penalties very substantially.

"From the plain language of the statute, it should be clear that Congress intended the Civil Rights Act of 1991 to apply to pending cases," said Joseph M. Sellers, director of equal employment opportunity programs at the Washington Lawyers' Committee for Civil Rights Under Law.

But the Supreme Court, now controlled by conservative Justices, would appear likely to side with the commission. While acknowledging contradictory Supreme Court precedents, Justice Antonin Scalia said in a case last year that it was "contrary to fundamental notions of justice" and "contrary to the wisdom of the ages" to apply laws retroactively.

A major purpose of the new law was to overturn Supreme Court decisions that made it harder for victims of discrimination to win in court. The new law is helpful to victims in several ways. Under the old law, such victims could obtain back pay in a trial before a judge, but they were not entitled to a jury trial. Under the new law, they may demand a jury trial and may seek damages for emotional pain and suffering, mental anguish, humiliation and other "nonpecuniary losses" caused by an employer's discriminatory actions.

Blacks and women often say they get speedier decisions that are more fair from juries than from judges. "Some of the new law, such victims never found for a woman, black or Hispanic person in an employment discrimination case," said Richard T. Seymour of the national Lawyers' Committee for Civil Rights Under Law.

Civil rights lawyers cite cases going back two centuries to support their argument that, as Chief Justice John Marshall said in 1801, new laws affecting great national concerns often have "retrospective operation."

In a 1974 case involving the desegregation of public schools in Richmond, Va., the Supreme Court held that a new law authorizing the award of lawyers' fees should be applied retroactively. "A court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary," the Court said.

But in a 1988 case involving payment of hospitals under certain Medicare rules, the Supreme Court said that "retroactivity is not favored in the law." For that reason, an agency cannot adopt retroactive rules unless Congress has explicitly given it the authority to do so, the court said in that case, Bowen v. Georgetown University Hospital.

In its policy statement on the new civil rights law, the Equal Employment Opportunity Commission saw merit in both points of view.

"One could argue that employers would indeed suffer manifest injustice if they were required to pay damages for conduct that occurred before the law provided for such a penalty," the commission said. "However, it could also be argued that, in light of the public concerns inherent in Civil Rights Act litigation, requiring employers to pay unforeseen damages for unlawful discrimination is not manifestly unjust."

In cases accusing the Government of discriminating against its own employees, the Justice Department has argued that "the Civil Rights Act of 1991 does not apply to cases pending at the time of its enactment."

The Justice Department was obliged to take that position by virtue of a directive issued by President Bush when he signed the civil rights bill. Mr. Bush ordered all officials in the executive branch to follow the admonition of Senator Bob Dole and other Republican senators who contend the law is not retroactive. Commission members say they arrived at that same conclusion independently.