**Joseph GRAHAM, Plaintiff,**

v.

**BODINE ELECTRIC COMPANY, Defendant.**

**No. 90 C 4272.**

United States District Court, N.D. Illinois, E.D.

Jan. 23, 1992.

Stephen Stern, Legal Assistance Foundation of Chicago, Derrick Maurice Ford, Chicago Lawyers' Committee for Civ. Rights, Chicago, Ill., for plaintiff.

Adrianne Clarise Mazura, Jeri Anne Lindahl, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

LEINENWEBER, District Judge.

Plaintiff, Joseph Graham ("Graham"), filed a two-count complaint in August 1990 alleging racial discrimination in defendant's, Bodine Electric Company, failure to promote him. Count I is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Count II asserts the same allegations but is brought pursuant to 42 U.S.C. § 1981 ("Section 1981"). The case is now before the court on defendant's motion for partial summary judgment as to Count II. For the reasons stated herein, the court denies defendant's motion.

## DISCUSSION

Defendant argues that Graham does not have a viable Section 1981 claim under the tests enunciated by the United States Supreme Court in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and its progeny. Graham does not contest this analysis but claims that *Patterson* and its progeny do not apply to this case because they were effectively overruled by the Civil Rights Act of 1991 (the "Act" or the "1991 Act"), passed on November 21, 1991. Defendant agrees that plaintiff would have a viable Section 1981 discrimination claim if the 1991 Act applied, but argues the court should not apply the 1991 Act to cases pending at the time the Act was passed. Simply stated, the issue now before the court is whether the 1991 Act should be applied retroactively.

■ Only one court in this district has ruled on this issue to date. In *Mojica v. Gannett Co.*, 779 F.Supp. 94 (N.D.Ill.1991), Judge Hart held that the 1991 Act should be applied retroactively. The court finds Judge Hart's opinion highly persuasive. In *Mojica*, the court therefore applied the test enunciated by the Supreme Court in *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Under *Bradley*, statutes which go into effect during a case's pendency are

presumed to apply to that case unless there is clear Congressional intent to the contrary or application of the law would result in manifest injustice to one of the parties. In *Mojica*, the court found the legislative history of the 1991 Act inconclusive on the issue of retroactivity and that no manifest injustice would result from retroactivity. The court agrees.

### I. Congressional Intent

The court's first inquiry in determining whether the statute applies to pending cases is the legislative intent in enacting it. *In re Busick*, 831 F.2d 745, 748 (7th Cir. 1987). To determine Congressional intent, a court must first look to the plain language of the statute. If the statute is silent, the court can apply general principles of statutory construction to determine if intent is implicit in the overall context of the statute. Finally, the court can also look to the legislative history of the statute for enlightenment.

The plain language of the statute is not helpful in this case. Nowhere does the Act specifically provide for retroactive or proactive application. The only portion of the 1991 Act dealing with the effective date of the Act as a whole does not consider retroactivity. Section 402(a) of the 1991 Act states: "Except as otherwise provided, this Act shall take effect upon enactment." Section 402(a) does not indicate if, when the Act takes effect, it applies to cases already pending before courts.

■ When the court looks to the overall context of the 1991 Act, it becomes clear that retroactivity is consistent with the language of the 1991 Act. Under general principles of statutory construction, a court must interpret a statute to give effect to every clause. "No provision should be construed as entirely redundant." *Kungys v. U.S.*, 485 U.S. 759, 778, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). Two sections of the 1991 Act contain specific provisions for prospective application; this suggests that other portions of the 1991 Act do apply to pending cases. Section 109(c) states: "The Amendments made by this section shall not apply with respect to conduct occurring

before the date of the enactment of this Act." Section 402(b) states: "Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983." If Congress intended the entire Act to apply only prospectively, it would not have needed to include these provisions. The court is unwilling to emasculate these provisions by making them redundant.

A close examination of the legislative history of the 1991 Act reveals that Congress did not agree on whether the 1991 Act would apply to pending cases. The two sponsors of the bill in the Senate, Senators Danforth and Kennedy, did not agree. *See* 137 Cong.Rec. S15483–85 (Daily ed. Oct. 30, 1991) (Senator Danforth); 137 Cong.Rec. S15485–87 (Daily ed. Oct. 30, 1991) (Senator Kennedy). The Republicans were not of one mind. *See, e.g.,* 137 Cong. Rec. H9549 (Daily ed. Nov. 7, 1991) (Statement of Representative Fish for retroactive application). There are no Committee Reports on the 1991 Act as finally enacted. Certainly, Congressional intent does not mandate only prospective application or meet the *Bradley* requirement that there be at least a "fair indication that the statute, properly construed, has only prospective effect." *FDIC v. Wright,* 942 F.2d 1089, 1095 (7th Cir.1991).

■ Supporting this view of Congressional intent is the fact that the 1991 Act was intended to return Section 1981 to its coverage before *Patterson.* In cases where Congress is correcting Supreme Court interpretations of a statute rather than creating new rights, the statute is frequently interpreted retroactively absent evidence of intent to the contrary. *See Mrs. W. v. Tirozzi,* 832 F.2d 748, 755 (2d Cir.1987); *Leake v. Long Island Jewish Med. Center,* 695 F.Supp. 1414, 1417 (E.D.N.Y.1988), *aff'd,* 869 F.2d 130 (2d Cir. 1989) (per curiam).

Notwithstanding the ambiguity of Congressional intent, the language of the statute and general principles of statutory construction better support the view that the 1991 Act applies to pending cases.

## II.   Manifest Injustice

■ To evaluate the risk of manifest injustice, the court must consider three factors: "1) the nature and identity of the parties; 2) the nature of the rights affected; and 3) the impact of the change in law on pre-existing rights." *Wright,* 942 F.2d at 1096. The first factor concerns whether the matter is one between private parties or involves a matter of public concern. Where a case involves only private concerns, a court should be more reticent to apply a statute retroactively. *In re Busick,* 831 F.2d at 748. The 1991 Act is a matter of great public concern and has generated much public interest and political debate. Although this case involves private parties, the court recognizes that the issues under consideration involve matters of substantial public concern. *See Mojica,* 779 F.Supp. at 98.

The second and third factors require the court to consider whether the new statute "would infringe upon or deprive a person of a right that had matured or become unconditional" and whether "new and unanticipated obligations may be imposed upon a party without notice or opportunity to be heard." *Bradley,* 416 U.S. at 720, 94 S.Ct. at 2020. The 1991 Act does not present either of these problems.

The defendant is deprived of no rights it had at the time it took the actions at issue. The 1991 Act effectively returns Section 1981 to where it was in the Seventh Circuit before *Patterson. See, e.g., North v. Madison Area Ass'n for Retarded Citizens– Developmental Centers Corp.,* 844 F.2d 401 (7th Cir.1988). Because most of defendant's alleged conduct took place before *Patterson,* the court does not believe that a return to the rule that existed at the time of the conduct would be manifestly unfair. Defendant cannot claim it relied on a judicial decision that had not been decided. Even if it had so relied, the only right implicated would be defendant's right to a bench trial; this is not a substantial right, unlike the right to a jury trial. *See Scarboro v. First American Nat'l Bk. of Nash-*

*ville,* 619 F.2d 621, 622 (6th Cir.) (per curiam), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 572, 66 L.Ed.2d 472 (1980). Defendant's right to engage in the alleged underlying conduct is not at issue as it was already prohibited under Title VII. Applying the 1991 Act retroactively creates no new obligations for defendant. Defendant cannot claim it was privileged to engage in illegal conduct merely because the conduct did not violate a second statute. Although defendant is exposed to damages under Section 1981 it would not be under Title VII, the court finds it unlikely defendant would have acted differently had it known its full potential liability. Many of defendant's alleged actions took place before *Patterson,* when the prevailing law was consistent with the 1991 Act. Therefore, the court finds no manifest injustice in applying the 1991 Act retroactively.

Defendant argues that the court should apply the more restrictive approach to retroactivity enunciated in *Bowen v. Georgetown University Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). In dicta, the court stated: "Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471. The court, however, follows the *Bradley* rule in light of the Seventh Circuit's ruling that *Bradley* continues to apply. *Wright,* 942 F.2d 1089. The Seventh Circuit ruled:

> Despite the existence of an alternative line of precedent, we believe there is no prejudice in applying only *Bradley* and its progeny to the facts in this case. Any tension between the two lines of precedent is negated because, under *Bradley,* a statute will not be deemed to apply retroactively if it would threaten manifest injustice by disrupting vested rights.

*Id.* at 1095 n. 6, *see also Mojica,* 779 F.Supp. 94. Although other courts have ruled against retroactivity[1] and the Equal Employment Opportunity Commission's Policy Guidance on Retroactivity of the Civil Rights Act of 1991 reads *Bowen* to mandate prospective application, the court finds the position taken by the court in *Mojica* to be more in keeping with case law in the Seventh Circuit.

Even were the court to engage in a *Bowen* analysis, the result would likely be the same; retroactivity is arguably implicit in the language of the statute, notably in Sections 109(c) and 402(b).

### CONCLUSION

The court finds that the 1991 Act applies retroactively. Retroactive application is consistent with Congressional intent as evidenced by the construction of the statute and would not be a manifest injustice. Defendant's motion for partial summary judgment as to Count II is denied.

IT IS SO ORDERED.

---

1. *See, e.g., Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C.1991); *Hansel v. Public Service Co.,* 778 F.Supp. 1126 (D.Colo.1991); *James v. American Int'l Recovery, Inc.,* 1991 WL 281734, 1991 U.S.Dist.Lexis 18408 (N.D.Ga.).