Dorothy THOMAS, Plaintiff,

v.

Anthony FRANK, Postmaster General
of the United States of America,
Defendant.

Civ. No. 91–0095.

United States District Court,
D. New Jersey.

Feb. 13, 1992.

Nancy Macirowski, Reinhardt & Schacter, P.C., Newark, N.J., for plaintiff.

John C. Jeannopoulos, Sp. Asst. U.S. Atty., Office of U.S. Atty., Newark, N.J., for defendant.

## OPINION

DEBEVOISE, District Judge.

Plaintiff moves to amend her Complaint pursuant to Fed.R.Civ.P. 15(a). For the reasons set forth below, Plaintiff's motion is denied.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 7, 1991, Plaintiff Dorothy Thomas filed a Complaint alleging that the Defendant violated Title VII of the Civil Rights Act of 1964, on the basis of gender, religion and retaliation. Plaintiff amended her Complaint on January 21, 1991 to include the disposition of pending administrative claims. The Defendant filed an Answer to the Complaint on March 18, 1991 and an Answer to the Amended Complaint on April 3, 1991.

The Civil Rights Act of 1991 ("the 1991 Act") Pub.L. No. 102–166, 195 Stat. 1071 (1991) (codified as amended at 42 U.S.C. §§ 1981, 2000e *et seq.* (1991)) was enacted by Congress on November 7, 1991 and signed by President Bush on November 21, 1991. The 1991 Act amended Title VII of the Civil Rights Act of 1964 to permit, inter alia, recovery of compensatory damages and the right to a trial by jury in Title VII cases. *See* the 1991 Act, § 102(a)(c)(1), Pub.L. No. 102–166.

Plaintiff moves for leave to amend her Complaint to include a demand for compensatory damages and a demand for a trial by jury in accordance with the new legislation.

## DISCUSSION

### A. *Fed.R.Civ.P. 15(a)*

■ Fed.R.Civ.P. 15(a) provides in pertinent part; "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Thus, absent bad faith, undue delay or dilatory motive on the part of the movant, a party is freely granted leave to amend its complaint. *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

While leave to amend a complaint is liberally granted in the Third Circuit, this case presents a novel issue since Plaintiff seeks retroactive application of remedial provisions of the 1991 Act. Thus, an analysis of the 1991 Act is necessary to determine whether the statutory language or legislative history exhibits an intent to apply the remedial provisions of the statute in a retroactive fashion.

### B. *Civil Rights Act of 1991*

■ Section 102(b) of the Civil Rights Act of 1991 makes compensatory [1] and punitive damages available (except in disparate impact cases) for intentional violations of Title VII, 42 U.S.C. § 2000e (1988). These newly created remedies are in addition to equitable remedies, including back pay and injunctive relief, already available under Title VII. Section 102(c) of the 1991 Act also provides for the right to a trial by jury. [2]

■ Section 402 of the Act provides that "except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." Thus it is clear that all of the Act's provisions apply to conduct occurring on or after November 21, 1991, when the President signed the bill into law.

The statutory language does not indicate, however, whether the provisions apply to cases pending at the time of enactment. The language could be construed to imply that the Act applies to any case pending on the date of enactment as well as cases filed after the date of enactment. Alternatively, the language could be interpreted to imply that the Act only affects conduct occurring after that date.

Two sections of the Act contain specific exemptions for pre-Act conduct. Section 109(c) of the Act which extends the protections of Title VII to American citizens working for American companies abroad states that the amendments made by that section, "shall not apply with respect to conduct occurring before the date of the enactment of this Act." Section 402(b) provides that "[N]ot withstanding any other provisions of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983." [3] Thus, it could be argued that Congress intended the remaining provisions of the Act, including section 102, to be applied to pending cases. Clearly, however, the text of the Act does not "require" such a result. *See Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988).

### C. *Legislative History*

In *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990) the Supreme Court declared that "where the congressional intent is clear, it governs" with regard to the retroactivity of a statute. Unfortunately, the legislative history of the

---

**1.** Compensatory damages will be awarded to compensate a complaining party for losses caused by intentional discriminatory conduct. *See* The Act, § 102(a)(1).

**2.** Section 102(c) provides in part:

If a complaining party seeks compensatory or punitive damages under this section—
(1) any party may demand a trial by jury; and

(2) the court shall not inform the jury of the limitations described in subsection (b)(3).

**3.** The intent of this provision was to provide assurances that the Wards Cove Packing Company, the employer in *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989) would not be subjected to the Act's standards governing disparate impact cases. *See* 137 Cong.Rec. S15,483 (daily ed. Oct. 30, 1991) (statement of Senator Danforth).

1991 Act amounts to nothing more than a morass of contradictions and inconsistencies which does not provide much guidance regarding retroactive application of the Act.

For example, Senator Danforth, one of the bill's Republican sponsors, declared that the new legislation was intended to be applied prospectively. 137 Cong.Rec. S15483–85 (Daily ed. Oct. 30, 1991). Alternatively, Senator Edward M. Kennedy, one of the bill's Democratic sponsors, proclaimed that the legislation should be applied to pending cases. 137 Cong.Rec. S15485–87 (Daily ed. Oct. 30, 1991).

### D. *Policy Statement of the EEOC*

■ Where a statute is silent or ambiguous with respect to a specific issue, a court may adopt an agency interpretation where the agency's decision is based upon a "permissible construction of the statute." *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1983) *reh'g denied,* 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984) ("The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding.")

The Equal Employment Opportunity Commission issued a "policy guideline" wherein the Commission observed that both the language of the statute and its legislative history are inconclusive on the issue of retroactivity. EEOC Notice, No. 915.002, dated 27 December 1991. Based upon its interpretation of the Supreme Courts decision in *Bowen* (discussed below) the EEOC concluded that it would not apply the compensatory damages provisions of the Act to pending cases.

■ Given the ambiguous statutory language and the confusion regarding legislative intent on the issue of retroactivity, the EEOC decision appears to be based upon a permissible construction of the 1991 Act. Thus, "considerable weight" will be accorded to the policy guideline. *See Chevron,* 467 U.S. at 843, 104 S.Ct. at 2781–82.

### E. *Judicial Precedent Regarding Retroactive Application of Laws*

■ Where congressional intent is less than clear, as in the instant case, the courts must turn to judicial precedent for guidance. Regrettably, the governing presumptions regarding retroactivity of new laws to pending cases are inconsistent to say the least.

There are two lines of cases which address the appropriate presumptions in this context; one line is represented by the Supreme Court's decision in *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and the other by the Court's decision in *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988).

In *Bradley* the court applied a newly enacted statute authorizing attorneys' fees to a pending desegregation case. In that case, the Court held that where there is no "statutory direction or legislative history to the contrary," a court should "apply the law in effect at the time it [the court] renders its decision, unless doing so would result in manifest injustice...." 416 U.S. at 711, 94 S.Ct. at 2016. To determine the risk of manifest injustice, courts consider: "(i) the nature and identities of the parties, (ii) the nature of their rights, and (iii) the nature of the impact of the change in law upon those rights." *Id.* at 717, 94 S.Ct. at 2019. The *Bradley* Court expressly rejected the presumption that "[A] change in the law is to be given effect in a pending case only where that is the clear and stated intention of the legislature." *Id.* at 715, 94 S.Ct. at 2018. Even where the new law does not expressly state that it is to be applied to pending case, the Court held that it may be applied retroactively. *Id.*

In *Bowen v. Georgetown University Hospital* the Secretary of Health and Human Services issued a schedule that changed the limits on the levels of Medicare costs that would be reimbursed by the government to health care providers. The

regulation was struck down on procedural grounds but was re-promulgated in 1984, purporting to be retroactive to 1981. 488 U.S. at 204, 109 S.Ct. at 468.

The Supreme Court struck down the retroactive portion of the regulation, declaring that "[r]etroactivity is not favored in the law." *Id.* at 208, 109 S.Ct. at 471. The *Bowen* Court concluded that "[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.*

In *Kaiser Aluminum and Chemical Corp. v. Bonjorno*, the Court considered the retroactive application of a new statute determining the rate for post-judgment interest. Although the *Kaiser* Court recognized the "apparent tension" between the rule espoused in *Bradley* and the presumption created in *Bowen*, the Court concluded that it did not need to reconcile the conflict because the plain language of the statute at issue clearly indicated that Congress did not intend for the statute to be applied retroactively. 110 S.Ct. at 1577–78.

■ Faced with the "irreconcilable conflict"[4] between *Bradley* and *Bowen*, the Third Circuit has vacillated between the two lines of cases.[5] In *Davis v. Omitowoju*, 883 F.2d 1155, 1170 (3d Cir.1989) the court observed the traditional presumption in favor of applying statutes prospectively rather than retrospectively. *Id.* (quoting *United States v. Schooner Peggy*, 1 Cranch 103, 110, 2 L.Ed. 49 (1801). The court concluded, however, that the presumption in favor of prospective application will apply only where retroactive application would "affect rights or obligations existing prior to the change in law." *Davis*, 883 F.2d at 1170–71 (quoting *Bonjorno v. Kaiser Aluminum & Chemical Corp.*, 865 F.2d 566, 573 (3d Cir.1989)).

### F. *Retroactive Application of § 102 of the 1991 Act*

■ Recently, several other district courts have grappled with the question of whether the damages provision in the 1991 Act should be applied retroactively. In light of the ambiguous legislative history which accompanies the Act and the conflicting Supreme Court precedent on the issue of retroactivity, it is not surprising to find that the results have been mixed. Several courts have refused to apply § 102 the Act retroactively. *See e.g. Tyree v. Riley*, 783 F.Supp. 877 (D.N.J.1992); *Van Meter v. Barr*, 778 F.Supp. 83 (D.D.C.1991); *Khadnelwal v. Compuadd Corp.*, 780 F.Supp. 1077 (E.D.Va.1992); *Hansel v. Public Service Co. of Colorado*, 778 F.Supp. 1126, 57 Fair Empl.Prac.Cas. (BNA) 858 (D.Col. 1991); *Alexandre v. Amp Inc.*, 57 Fair Empl.Prac.Cas. (BNA) 768, 1991 WL 322947 (W.D.Pa. Dec. 5, 1991); *James v. American Int'l Recovery Inc.*, No. 89–321, 1991 WL 281734, 1991 U.S.Dist. LEXIS 18408 (N.D.Ga. Dec. 3, 1991).

Other courts have concluded that § 102 of the Act should be applied retroactively. *See e.g. Graham v. Bodine Elec.*, 782 F.Supp. 74 (N.D.Ill.1992); *King v. Shelby Medical Center*, 779 F.Supp. 157 (N.D.Ala. 1991); *La Cour v. Harris County*, No. 89–1532, 1991 WL 321020, U.S.Dist. LEXIS 19223, 57 Fair Empl.Prac.Cas. (BNA) 622 (S.D.Tex. Dec. 6, 1991); *Mojica v. Gannett Co.*, 779 F.Supp. 94, 57 Fair Empl.Prac.Cas. (BNA) 537 (N.D.Ill.1991); *Stender v. Luckey Stores, Inc.*, 1991 Daily Lab.Rep. (BNA) No. 250, at A–5 (N.D.Cal. Dec. 19, 1991); *Davis v. Tri–State Mack Distribs.*, 1991 Daily Lab.Rep. (BNA) No. 250, at A–5, 1991 WL 316891 (E.D.Ark. Dec. 16, 1991).

■ As noted above, the Third Circuit has not definitively stated whether the governing presumption regarding retroactive application of a statute is set forth in *Bradley* or *Bowen*. The court's reasoning in *Davis* however, seems to present the most logical approach. The *Davis* decision appears to combine elements from both schools of thought. Arguably, however, the approach taken in *Davis* is closer to the

---

4. *See Kaiser,* 494 U.S. at 841, 110 S.Ct. at 1578–79 (Scalia, J., concurring).

5. A more detailed discussion of the Third Circuit's approach to the *Bradley/Bowen* dilemma is found in *Tyree v. Riley*, 783 F.Supp. 877, 883–84 (D.N.J.1992).

presumption stated in *Bradley.* That is, retroactive application of a statute which affects the established rights or obligations of a party, is tantamount to "manifest injustice." *See Tyree*, at 884. Thus, in keeping with *Davis* I conclude that § 102 of the 1991 Act should be applied retroactively unless such application would affect the established rights and obligations of the Defendant. To guide my determination of whether retroactive application of the 1991 Act would affect the previously established rights and obligations of the Defendant, I will employ the "manifest injustice" test outlined in *Bradley.*

*(i). Nature and Identities of the Parties*

██ The first factor to consider under the manifest injustice analysis is the nature and identities of the parties. Where the matter involves private parties with purely private concerns, courts are reluctant to apply a new statute retroactively. *See In re Busick*, 831 F.2d 745, 748–49 (7th Cir. 1987). In the instant case, the Plaintiff, a postal employee, is suing the Postmaster General of the United States of America. Thus, there are obvious issues of a public nature at stake in this case which weigh in favor of retroactive application of the Act.

*(ii). Nature of the Rights Affected by the Change in Law*

The second factor to consider is the nature of the rights which are affected by the change in law. In other words, will the new law infringe upon "matured" or "unconditional" rights. *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020–21.

## AVAILABILITY OF COMPENSATORY DAMAGES IN TITLE VII ACTIONS

Prior to enactment of the 1991 Act, Title VII expressly authorized an award of backpay "or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e–5(g). The overwhelming majority of circuit courts and district courts to address the issue of whether compensatory damages were available under this provision concluded that Title VII did not authorize compensatory damages. *See e.g. De-Grace v. Rumsfeld*, 614 F.2d 796, 808 (1st Cir.1980); *Harrington v. Vandalia–Butler Board of Education*, 585 F.2d 192, 194–96 (6th Cir.1978) *cert. denied* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1976); *Pearson v. Western Electric Co.*, 542 F.2d 1150, 1151–52 (10th Cir.1976); *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1363 (11th Cir. 1982); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982).

In *Protos v. Volkswagen of America, Inc.,* the Third Circuit definitively established that Title VII claimants were not entitled to compensatory damages. 797 F.2d 129, 138 (1986) (citing *Scott v. University of Delaware*, 601 F.2d 76, 82 n. 8 (3d Cir.1979) (Compensatory and punitive damages are generally not recoverable under Title VII)). Compensatory damages, explained the court, are viewed as a legal remedy, not an equitable one. Since legal remedies were not authorized by the statute, the court concluded that Congress did not intend to authorize the award of compensatory damages.[6]

██ It is evident therefore, that prior to the enactment of the 1991 Act, there was a clear consensus among the circuit courts, as well as a definitive ruling in this circuit, that compensatory damages were not available to a Title VII plaintiff. I conclude therefore, that retroactive application of the compensatory damages provision of § 102(b) of the 1991 Act would infringe upon the established, recognized right of the Defendant to be free from legal damages in Title VII actions.

## ENTITLEMENT TO A JURY TRIAL IN TITLE VII ACTIONS

██ Although the Supreme Court has not definitively stated whether a Title VII

---

**6.** The *Protos* Court distinguished the holding in *Rosen v. Public Service Electric and Gas Co.,* 477 F.2d 90, 96 (3d Cir.1973) wherein the court permitted an award of "compensatory damages" under Title VII. In *Rosen* the plaintiffs were awarded backpay or lost benefits. Hence, the "compensatory damages" authorized by the court in *Rosen* were "actually a form of equitable restitution."

plaintiff is entitled to a jury trial, *see Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 549 n. 1, 110 S.Ct. 1331, 1335 n. 1, 108 L.Ed.2d 504 (1990), the majority of circuit courts to examine the issue (prior to the 1991 Act) have concluded that Title VII does not afford plaintiffs a right to a jury trial. *See e.g. Ramos v. Roche Products, Inc.*, 936 F.2d 43, 49–50 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991); *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443–44 (10th Cir.1988); *Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 953 (2d Cir.1988); *Yatvin v. Madison Metro. School Dist.*, 840 F.2d 412, 418 (7th Cir.1988); *Davis v. West Community Hosp.*, 786 F.2d 677, 683 (5th Cir.) *reh'g denied*, 790 F.2d 890 (5th Cir.1986).

The Third Circuit has also concluded that Title VII claimants are not entitled to a jury trial. *See Roebuck v. Drexel Univ.*, 852 F.2d 715, 737 n. 40 (3d Cir.1988) ("[T]he courts have declined to grant parties a right to a jury trial primarily because Title VII affords equitable rather than legal relief." (citations omitted)); *see also Garcia v. PPG Indus., Inc.*, 139 F.R.D. 63 (D.N.J. 1991) (Title VII claimant not entitled to jury trial).

I conclude therefore, that retroactive application of § 102(c) of the 1991 Act would impinge upon the Defendant's right to a bench trial in Title VII cases.

*(iii). Impact of the New Legislation*

■ Lastly, I will consider the impact which retroactive application of the 1991 Act would have upon the established rights of the Defendant. Stated another way, will retroactive application impose new, unanticipated obligations upon the Defendant. *See Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020–21.

Retroactive application of the compensatory damages provision of the 1991 Act does not create a new cause of action. It does, however, create a new source of liability under which the Defendant may be responsible for substantial monetary damages. As such, it is substantive rather than procedural in nature. *See Khandelwal v. Compuadd Corp.*, at 1080 n. 5.

In *Bradley* the Court concluded that, since the Defendant could have been required to pay attorneys' fees from the inception of the case, retroactive application of an attorneys' fees statute did not impose additional or unforeseeable obligations. In the instant case, Defendant could not have been liable for compensatory damages (under the Plaintiff's Title VII claim) at the time the suit was commenced. Thus, imposition of compensatory damages at this juncture, would certainly impose an unforeseeable obligation of considerable magnitude upon the Defendant.

I conclude, therefore, that the 1991 Act has a substantial impact upon the Defendant's obligation to pay damages under Title VII.

■ Admittedly, the right to a bench trial is procedural rather than substantive in nature. When paired with the right to recover compensatory damages however, the potential impact of a jury trial can be quite substantial.[7] Thus, when viewed in conjunction with the major substantive obligations imposed by the compensatory damages provision, I conclude that retroactive application of § 102(c) could impose considerable unforseen liability upon the Defendant.

## CONCLUSION

After balancing the factors espoused in *Bradley*, I conclude that retroactive application of § 102 of the 1991 Act would visit a manifest injustice upon the Defendant. The presumption in favor of retroactivity will not be applied in this instance since retroactive application would infringe upon the rights of the Defendant, established

---

7. Section 102(c)(2) provides that where a party demands a trial by jury, "the court shall not inform the jury of the limitations described in subsection (b)(3)." That subsection limits the sum of compensatory and punitive damages which may be awarded in certain circumstances. This provision heightens the impact of a trial by jury upon the substantive rights of a defendant in a Title VII action by granting jurors greater discretion to award compensatory damages.

prior to the change in law, by substantially increasing his obligation to pay damages under Title VII.

Plaintiff's motion for leave to amend her Complaint to add a claim for (i) compensatory damages and (ii) a demand for a jury trial pursuant to the Civil Rights Act of 1991 is denied.