**Christine ALDANA, Plaintiff,**

v.

**RAPHAEL CONTRACTORS, INC., P.A.L.S., Inc. and Chris Mallard, Defendants.**

**Civ. No. H91–137.**

United States District Court, N.D. Indiana, Hammond Division.

Feb. 26, 1992.

Rosalie B. Levinson, Law Offices of Donald P. Levinson, Merrillville, Ind., for plaintiff.

Robert E. Stochel, Crown Point, Ind., Thomas Z. Lewis, Gary, Ind., for defendants.

## ORDER

LOZANO, District Judge.

This matter is before the Court on the Plaintiff, Christine Aldana's ("Aldana"), Motion for Leave to Amend Complaint filed on December 18, 1991. By her Motion, Aldana requests leave pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to include in her prayer for relief a claim for damages and for trial by jury under her Title VII claim. To date, Aldana's Motion remains unopposed by the De-

fendants. For the reasons set forth herein, Aldana's Motion for Leave to Amend Complaint is GRANTED.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that a petitioner may amend a pleading "once as a matter of course at any time before a responsive pleading is served. . . ." Fed.R.Civ.P. 15(a). Additionally, Rule 15(a) allows a petitioner to amend a pleading at any other time by first obtaining leave to court. *Id.* Thus, "[a] district judge may exercise discretion in deciding whether to allow an amendment to a complaint." *Eades v. Thompson,* 823 F.2d 1055, 1062 (7th Cir.1987). According to Rule 15(a), however, "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). "In the absence of an apparent reason to refuse leave to amend— such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of an amendment, etc.—'the leave sought should, as the rules require, be freely given.'" *Triplett v. Leflore County,* 712 F.2d 444, 446 (10th Cir.1983) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

*Retroactive Application of Civil Rights Act of 1991*

On April 25, 1991, Aldana filed her Complaint alleging sexual harassment and requesting relief pursuant to Indiana tort law and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In her original prayer for relief, Aldana requested a declaratory judgment, an injunction, and back pay under her Title VII claim and compensatory and punitive damages pursuant to Indiana state law. Based on Section 102 of the Civil Rights Act of 1991, which amends Title VII and allows for trial by jury and for compensatory and punitive damages in cases where a plaintiff proves intentional discrimination, Aldana now requests leave from this Court to amend her Complaint accordingly.

The Civil Rights Act of 1991 ("Act") will "take effect upon enactment." *See* Section

402, Civil Rights Act of 1991. The Act does not, however, speak to the issue of whether it may be applied retroactively to pending Title VII cases. A review of the legislative history and cases analyzing the retroactivity issue indicates that the legislative history is "inclusive regarding the retroactivity of the statute." *Mojica v. Gannett Co., Inc.*, 779 F.Supp. 94, 97 (N.D.Ill.1991); *see also Van Meter v. Thornburgh*, 1991 WL 319014 (D.D.C. Dec. 18, 1991); *Hansel v. Public Serv. Co.*, 778 F.Supp. 1126 (D.Colo.1991).

In *Federal Deposit Ins. Corp. v. Wright*, the Court of Appeals for the Seventh Circuit stated that

> *Bradley [v. Richmond School Board]* provides the appropriate framework for determining when to apply recently enacted statutes to cases pending before their enactment. There, the Supreme Court instructed courts "to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." [citation omitted] ... *Bradley* established a presumption of retroactivity for legislative enactments, which may be displaced by " 'a fair indication that the statute, properly construed, has only prospective effect.' " [citation omitted]

*Federal Deposit Ins. Corp. v. Wright*, 942 F.2d 1089, 1095 (7th Cir.1991) (citing *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)). Accordingly, because the Civil Rights Act of 1991 fails to expressly prohibit a retroactive application, this Court must presume retroactivity absent a showing of manifest injustice.

In *Bradley*, the United States Supreme Court enumerated three factors relevant to the manifest injustice analysis. These factors include: (1) the nature and identity of the parties; (2) the nature of the rights affected; and (3) the impact of the change in law on pre-existing rights. *Federal Deposit Ins. Corp.*, 942 F.2d at 1096; *see also In re Busick*, 831 F.2d 745, 748 (7th Cir.1987).

With respect to the first factor, courts should consider the private or public nature of the parties involved. Moreover, where issues of public policy or important national issues are concerned, the analysis tips in favor of retroactive application. *See Bradley*, 416 U.S. at 717–19, 94 S.Ct. at 2019–20. The case at bar involves a private plaintiff alleging civil rights violations by a private defendant. However, the purposes of the Civil Rights Act of 1991 include the provision of appropriate remedies for intentional discrimination and unlawful harassment at the work place. In this regard, the Act seeks to expand the scope of relevant civil rights statutes to provide adequate protection for victims of discrimination. Section 3, Civil Rights Act of 1991. Thus, the Act is aimed at an important matter of national concern. Consequently, retroactive application of the Act would not result in a manifest injustice with respect to the nature of the parties in this cause.

As for the second factor, courts must evaluate the parties' rights which would be affected if the Act were applied retroactively. In *Bradley*, the Supreme Court stated that it "refused to apply an intervening change to a pending action where it has concluded that to do so would infringe upon or deprive a person of a right that had matured or become unconditional." *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020. In the instant action, the Defendants' rights would not be unduly affected by provisions in the Civil Rights Act of 1991. In her original Complaint, Aldana sought compensatory and punitive damages and requested a jury trial pursuant to Indiana tort law. The only aspect changed by retroactive application of the Act would be Aldana's ability to obtain additional damages for her alleged injury. The law was clear with respect to the allegations contained in Aldana's original Complaint before it was filed. Thus, the Defendants had notice with respect to the alleged conduct and its potential liability for compensatory and punitive damages, and Aldana's proposed amendment does not impose novel or unusual obligations. Nor did the Defendants ever have unconditional rights to dis-

criminate in the work place, or the unconditional right to avoid application of federal and state law with respect to employment practices. Accordingly, the Defendants would not be deprived of a right, nor would a manifest injustice result with retroactive application of the Act in this regard.

Lastly, this Court must determine the impact of the change in law on pre-existing rights. In *Bradley*, the Supreme Court stated

> [t]he third concern has to do with the nature of the impact of the change in law upon existing rights, or, to state it another way, stems from the possibility that new and unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard.

*Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020–21. As indicated previously, the Defendants were prohibited from engaging in discriminatory behavior based on Aldana's gender prior to the enactment of the Civil Rights Act of 1991. Retroactive application of the Act changes only available remedies, not substantive rights. Pursuant to Indiana tort law, Aldana is entitled to a jury trial and the Defendants could be held liable for compensatory and punitive damages resulting from the conduct alleged in the original Complaint. Accordingly, the additional demand for a jury trial and request for compensatory and punitive damages under Aldana's Title VII claim would not result in a manifest injustice to the Defendants.

CONCLUSION

For the reasons set forth herein, Aldana's Motion for Leave to Amend Complaint is hereby GRANTED.