Sharon **HAMEISTER**, Plaintiff,

v.

**HARLEY–DAVIDSON, INC.,** Defendant.

No. 91–C–893.

United States District Court, E.D. Wisconsin.

Feb. 28, 1992.

Mark J. Rogers, Milwaukee, Wis., for plaintiff.

Susan R. Maisa, Foley & Lardner, Milwaukee, Wis., for defendant.

## *ORDER*

CURRAN, District Judge.

Having reviewed the moving papers of the defendant Harley–Davidson, Inc., the court ORDERS that the defendant's "Motion to Strike Demand for Compensatory and Punitive Damages and for Jury Trial" (filed February 26, 1992) IS GRANTED in keeping with this court's previous decision that the damages provisions of the Civil Rights Act of 1991 do not apply retroactively. *See McKnight v. Merrill Lynch,* No. 90–C–597, 1992 WL 74414 (E.D.Wis. January 9, 1992).

This action was commenced with the filing of the complaint on August 19, 1991. The Civil Rights Act of 1991 was signed into law on November 21, 1991. The application of the Act to cases pending on, and conduct occurring before, the date of its

enactment presents a threshold question which must be resolved by the courts due to Congress' failure to address this issue. The new law contains no specific language dealing with the prospective or retrospective application of these specific provisions. The law does contain a general provision relating to its effective date. Section 402 states:

"(a) IN GENERAL.—Except as otherwise provided this Act and the amendments made by this Act shall take effect upon enactment."

This would seem to indicate that it was intended that the Act would have prospective application.

However, because the Act contains no explicit direction concerning retroactivity, resolution of the retroactivity question is a matter of statutory construction. Federal courts long have relied on a presumption against the retroactive application of statutes: statutes are to be applied prospectively, absent a clear statutory mandate to the contrary. As recently declared by Justice Kennedy, writing for a unanimous court in *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988) "Retroactivity is not favored in the law. Thus, Congressional enactments.... will not be construed to have retroactive affect unless their language requires this result."

As noted in the court's previous decision, the Equal Employment Opportunity Commission issued a notice declaring that it will follow *Georgetown* and that the compensatory and punitive damage provisions of the Act do not apply to cases pending on the effective date of the Act or to conduct occurring before that date. The EEOC position is important because courts confronting retroactivity questions give weight to, and generally defer to, the reasonable interpretations of statutes by agencies charged with their enforcement.

Because the court finds that the issue of retroactivity involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from this Order will materially advance the ultimate termi-

nation of this litigation, upon request, the court will enter a partial judgment pursuant to Federal Rule of Civil Procedure 54(d), then the plaintiff may appeal pursuant to 28 U.S.C. § 1292. This action will be stayed pending the outcome of the appeal, if a notice of appeal is filed.

Done and Ordered.