**Julie BETTACK, Plaintiff,**

v.

**M–B COMPANY, INC., Defendant.**

No. 91–C–706–S.

United States District Court,
W.D. Wisconsin.

March 16, 1992.

Mary E. Kennelly, Fox & Fox, Madison, WI, for plaintiff.

James A. Mast, Rohde, Dales, Melzer, Te Winkle & Gass, Sheboygan, WI, for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Julie Bettack brings this action for sex discrimination pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 201, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. Jurisdiction is based on 28 U.S.C. § 1331. Pursuant to this Court's order of February 6, 1992, plaintiff was permitted to amend her complaint to add claims for compensatory and punitive damages and a demand for a jury trial pursuant to the Civil Rights Act of 1991. The matter now comes before the Court on defendant's motion to strike these newly-added claims on the grounds that the Civil Rights Act of 1991 is to be applied prospectively only.

## MEMORANDUM

District courts which have considered the issue of retroactive application of the Civil Rights Act of 1991 have been sharply divided. However, most of the courts which have considered the issue have concluded that the Act and its legislative history are ambiguous concerning whether Congress intended retroactive or prospective application of the law. *See* e.g. *Khandelwal v. Compuadd Corp.*, 780 F.Supp. 1077 (E.D.Va.1992). This Court agrees that neither the provisions of the Act nor the legislative history of the Act provide unambiguous statements as to Congressional intent on retroactive or prospective application of the law.

Because the Statute and Legislative history are unclear, it becomes important to choose between the conflicting United States Supreme Court holdings in *Bradley v. School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). The distinction is important because *Bradley* presumes retroactive application, while *Bowen* presumes prospective application of the law.

The Court finds that the Seventh Circuit Court of Appeals has consistently and clearly favored application of the *Bradley* rule over *Bowen*. *Federal Deposit Ins. Corp. v. Wright*, 942 F.2d 1089, 1095, n. 6 (7th Cir. 1991). The Seventh Circuit further clarified its position in *Littlefield v. McGuffey*, 954 F.2d 1337 (1992). In *Littlefield* the Seventh Circuit applied the *Bradley* analysis to the determination of whether to retroactively apply the removal of the cap on punitive damages under the Fair Housing Amendments Act of 1988. Given the similarity between the changes at issue in this case and the changes considered under the Fair Housing Amendments Act, it is apparent that the Seventh Circuit would apply the *Bradley* analysis to the retroactivity issue here.

Other district courts in this Circuit have reached the same conclusion. *Mojica v. Gannett Co., Inc.*, 779 F.Supp. 94 (N.D.Ill. 1991), *Graham v. Bodine Electric Co.*, 782 F.Supp. 74 (N.D.Ill.1992), *Bristow v. Drake Street, Inc.*, 1992 WL 14262 1992 U.S.Dist.Lexis 499 (N.D.Ill.1992).

 Accordingly, this Court is obliged to presume that Congress intended retroactive application of the Statute unless it determines that manifest injustice would result from retroactive application. In determining whether manifest injustice would result from retroactive application, the Court considers three factors: "(1) The nature and identity of the parties; (2) the nature of the rights

affected; and (3) the impact of the change in law on preexisting rights." *Wright*, 942 F.2d at 1096. There is no question that although this particular dispute is between private parties, cases involving sexual discrimination and the legislation under consideration are matters of public concern which favor retroactive application.

The second factor requires the Court to determine whether retroactive application "would infringe upon or deprive a person of a right that had matured or become unconditional." *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020. The claims in question here concern the enhancement of certain remedies and the availability of a jury trial. Neither the right to a bench trial nor the right to limitation of damages constitute a matured or unconditional right under the second factor. *United States v. Ettrick Wood Products, Inc.*, 683 F.Supp. 1262 (W.D.Wis.1988).

Under the third *Bradley* factor, the issue is whether there is the "possibility that new and unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard." *Wright*, 942 F.2d 1089, 1096. The essence of the analysis under this factor is whether a defendant in conducting its affairs could reasonably have relied upon the law as it existed prior to the change. *Wright*, 942 at 1097 (party could not reasonably have relied upon a restrictive interpretation of prior common law in ordering financial affairs.) *Bradley*, 416 U.S. at 721, 94 S.Ct. at 2021. (Defendant would not have conducted litigation differently had it known of its obligation to pay attorneys' fees.) Applying that analysis here, there is no indication that the increased potential for damages would have influenced the defendant's alleged discriminatory conduct in any way. *Mojica*, 779 F.Supp. at 98. Since the defendant would have done nothing differently had it been aware of the change in the law, there is no manifest injustice to retroactive application. The Court is not persuaded that any minimal reliance which may have been placed on prior law during settlement negotiations is sufficient to rise to the level of manifest injustice.

In conclusion, applying the reasoning of *Bradley* to the facts of this case the Court finds no manifest injustice to retroactive application.

## ORDER

IT IS ORDERED that defendant's motion to strike plaintiff's amended claim for compensatory and punitive damages is DENIED.