**Clinton P. MOORE, Plaintiff,**

**v.**

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

**No. 91 C 0286.**

United States District Court, N.D. Illinois, E.D.

March 31, 1992.

Allen L. Ray, Ray, Rizowy, Ross & Fever, Kenneth Alan Henry, Chicago, Ill., for plaintiff.

Clinton P. Moore, pro se.

John F. Newell, Kenneth John Wysoglad, Robert John Prendergast, Michael J. Sazdanoff, Kenneth J. Wysoglad & Associates, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On January 15, 1991, plaintiff Clinton P. Moore filed a single-count complaint against Burlington Northern Railroad Company ("BN"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Presently before the court is Moore's motion to file a jury demand and amend his complaint to request compensatory and punitive damages. Enacted on November 21, 1991, § 102 of the Civil Rights Act of 1991 ("1991 Act") amends Title VII to provide for trial by jury as well as compensatory and punitive damages in cases of intentional discrimination. As the purported discriminatory conduct occurred prior to November 21, 1991, the viability of Moore's current motion hinges on whether § 102 of 1991 Act applies retroactively to this case. For the reasons set forth below, we conclude that it does not, and we deny Moore's motion.

### I.

The issue of whether § 102 of the 1991 Act applies retroactively has generated extensive, national debate. Although the Seventh Circuit has yet to rule on the subject,[1] the question has been considered by several courts within this district, rendering polarized opinions. *Compare Sofferin v. American Airlines, Inc.,* 785 F.Supp. 780 (N.D.Ill.1992) (Norgle, J.) (prospective application) *and McCullough v. Consolidated Rail Corp.,* 785 F.Supp. 1309 (N.D.Ill.1992) (Norgle, J.) (same) *with Graham v. Bodine Electric Co.,* 782 F.Supp. 74 (N.D.Ill.1992) (Leinenweber, J.) (retroactive application) *and Bristow v. Drake Street, Inc.,* No. 87–4412, 1992 WL 14262, 1992 U.S.Dist.LEXIS 499 (N.D.Ill. Jan. 17, 1992) (Zagel, J.) (same) *and Mojica v. Gannett Co.,* 779 F.Supp. 94 (N.D.Ill.1991) (Hart, J.) (same). *See also Hameister v. Harley–Davidson, Inc.,* 785 F.Supp. 113 (E.D.Wis.1992) (citing *McKnight v. Merrill Lynch,* No. 90–597 (E.D.Wis. Jan. 9, 1992) (prospective application); *Aldana v. Raphael Contractors, Inc.,* 785 F.Supp. 1328 (N.D.Ind.1992) (retroactive application); *Saltarikos v. Charter Mfg. Co.,* 782 F.Supp. 420 (E.D.Wis.1992) (retroactive application).

As noted in each of the above cited cases, irrespective of their differing conclusions, Congress has failed to provide in the plain language of the 1991 Act that the legislation applies either retroactively or prospectively. Section 402(a) of the 1991 Act provides: "Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." This section—the only section addressing the effective date of the 1991 Act as a whole—does not indicate whether the 1991 Act applies to cases pending prior to the date of enactment. In order to derive an answer to the retroactivity question directly from the language of the 1991 Act, some courts have turned to §§ 402(b) and 109(c) for guidance. The theory maintains that since these two sections specifically provide for prospective application, the remaining sections of the 1991 Act, including § 102, must apply to pending cases else the explicit language of §§ 402(b) and 109(c) is rendered redundant. *See, e.g., Graham,* 782 F.Supp. at 75 ("The court is unwilling to emasculate these provisions [§§ 402(b) and 109(c)] by making them redundant."). Other courts, however, have looked to the overall context of the

---

1. While the issue was raised at oral argument in *Partee v. Metropolitan School Dist.,* 954 F.2d 454 (7th Cir.1992), the court did not address the retroactivity question, concluding it had been waived.

1991 Act to reach the opposite conclusion (*i.e.*, the damage provision applies prospectively). This approach, currently advocated by BN, was recently described by Judge Norgle in *Sofferin,* 785 F.Supp. at 782–783; and *McCullough,* 785 F.Supp. at 1311–12.

> Some courts have determined that because the original Act as vetoed ·by the President contained a specific provision stating that the Act was intended to be retroactive, and because that provision was omitted when the Act was resubmitted to the President, Congress must have meant the new Act to be prospectively applicable because when they intended retroactive application, they so stated. Thus absent any indication, the Act must be intended to be prospective. *Maddox v. Norwood Clinic, Inc.,* 783 F.Supp. 582 (N.D.Ala.1992); *Johnson v. Rice,* Civ.A. No. 2:85–CV–1318, 1992 WL 16284, 1992 U.S.Dist. LEXIS 830 (S.D.Ohio Jan. 24, 1992).

Faced with these two equally reasonable, but antithetical, offspring of statutory construction, we can do no more than join in Judge Norgle's conclusion that "there [is] no clear textual guidance upon which this court may rely." *Sofferin,* 785 F.Supp. at 782–83; *McCullough,* 785 F.Supp. at 1311; *see also Bristow,* slip op. at 2; *Mojica,* 779 F.Supp. at 96.[2]

In the absence of specific language, we can do no better than resort to a judicial presumption regarding the retroactivity of congressional enactments and administrative rules. Unfortunately, the United States Supreme Court has provided lower courts with two conflicting lines of authority for resolving the retroactivity question. In *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), the Supreme Court stated "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or

there is statutory direction or legislative history to the contrary." In *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), however, the Court confronted the issue of whether Congress, through the Medicare Act, has authorized the Secretary of Health and Human Services to create and implement regulations retroactively. In holding that it did not, the Court reiterated:

> Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. By the same principle, a statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms. Even where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant.

*Id.* at 208–09, 109 S.Ct. at 471 (citations omitted). Two years later, in *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990), the Court recognized the "apparent tension" between the two lines of precedent, but declined to reconcile them as the "plain language of [the statute in question] evidence clear congressional intent that [the statute] is not applicable to judgments entered before its effective date." *See also id.* at 841, 110 S.Ct. at 1579 (Scalia, J., concurring) ("these two lines of cases are not merely, as the Court confesses, in 'apparent tension'; they are in irreconcilable contradiction, and have spawned Courts of Appeals opinions to match.").

Indeed, as Justice Scalia noted, the Courts of Appeals have been forced to choose between the two lines of precedent.

---

**2.** We note that the legislative history, replete with statements for and against retroactivity, provides nò guidance in our determination. Indeed, the two sponsors of the bill in the Senate, Senators Danforth and Kennedy, could not agree as to whether the 1991 Act would apply to pending cases. *See* 137 Cong.Rec. S15483–85

(daily ed. Oct. 30, 1991) (Sen. Danforth); 137 Cong.Rec. S15485–87 (daily ed. Oct. 30, 1991) (Sen. Kennedy). For a more detailed analysis of the ambiguous legislative history of the 1991 Act, see *Sofferin,* 785 F.Supp. at 783. *See also Graham,* 782 F.Supp. at 75.

The resulting choice by the various Courts of Appeals seems to explain the differing conclusions of district courts respecting the retroactivity of § 102 of the 1991 Act. *See Poston v. Reliable Drug Stores, Inc.*, 783 F.Supp. 1166, 1167–68 (S.D.Ind.1992) ("The district courts have reached one conclusion or the other concerning the retroactivity of the 1991 Act, according to whether their own Circuit prefers the *Bowen* or the *Bradley* line of cases."). In the case of the Seventh Circuit, however, the choice between the two lines of precedent remains unclear. In *Federal Deposit Ins. Corp. v. Wright*, 942 F.2d 1089, 1095 n. 6 (7th Cir. 1991), Judge Ripple writing for the court stated:

> Despite the existence of an alternate line of precedent, we believe there is no prejudice in applying only *Bradley* and its progeny to the facts in this case. Any tension between the two lines of precedent is negated because, under *Bradley*, a statute will not be deemed to apply retroactively if it would threaten manifest injustice by disrupting vested rights.

Two weeks later, however, writing for the court in *Orrego v. 833 West Buena Joint Venture*, 943 F.2d 730, 736 (7th Cir.1991), Judge Ripple cited *Bowen* in holding that the Act in question does not have retroactive effect, notwithstanding an agency regulation stating that the law was retroactive. The court in *Mojica*, 779 F.Supp. at 97 n. 2, attempted to distinguish *Orrego* on its facts: "There the statute was stated to apply to existing loans and the loan that was the subject of *Orrego* had been paid off before the new legislation was enacted." We, like the court in *Sofferin*, 785 F.Supp. at 785, and in *McCullough*, 785 F.Supp. at 1313, are "not so confident that *Orrego* was a fact-based aberration." Thus, the question remains: Which presumption shall apply to the instant case?

Fortunately, this court need not decide which presumption is presently applicable, for we agree with Judge Norgle's conclusion in both *Sofferin* and *McCullough* that prospective application of § 102 of the 1991 Act is required under both lines of precedent. In determining that the damage provision of the 1991 Act applies prospectively under the *Bradley* presumption, Judge Norgle noted that the Equal Employment Opportunity Commission ("EEOC"), on December 27, 1991, issued a policy statement that it "will not seek damages under the Civil Rights Act of 1991 for events occurring before November 21, 1991." *See Sofferin*, 785 F.Supp. at 783; *McCullough*, 785 F.Supp. at 1312. Generally, absent clear congressional intent, a reasonable interpretation by the agency that administers the statute is entitled to deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *see also EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 115, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988) ("it is axiomatic that the EEOC's interpretation of Title VII, for which it has primary enforcement responsibility, need not be the best one by grammatical or any other standards. Rather, the EEOC's interpretation of ambiguous language need only be reasonable to be entitled to deference."). As the agency charged with primary enforcement responsibility, the EEOC has determined that prospective application of § 102 will best effectuate the policies under the 1991 Act. In the absence of clear congressional guidance, via either unambiguous text or unequivocal legislative intent, and in light of the uncertain state of the law in the Seventh Circuit as described above, we find the EEOC's decision to apply § 102 of the 1991 Act prospectively reasonable. Consequently, we will grant the EEOC's judgment due deference, and will not apply the damage provision retroactively to the instant case.

This result is consistent with the Sixth Circuit's holding in *Vogel v. City of Cincinnati*, 959 F.2d 594 (6th Cir.1992). In that case, the Sixth Circuit—to date, the only Court of Appeals to decide the issue—began its analysis by noting the ambiguity of the statute on its face and the lack of congressional guidance. *Id.*, 959 F.2d at 597. While the Sixth Circuit had previously opted to follow *Bowen* and its progeny in cases where the new statute would affect "substantive rights and liabilities," *see*

*United States v. Murphy*, 937 F.2d 1032, 1037 (6th Cir.1991), the court decided to apply § 102 prospectively based exclusively on deference to the EEOC policy statement. *Vogel*, 959 F.2d at 597.[3]

## II.

For the reasons stated above, we hold that § 102 the Civil Rights Act of 1991 applies prospectively. Accordingly, Moore's motion for leave to file a jury demand and to amend the complaint to request compensatory and punitive damages is denied. It is so ordered.

**3.** We note that the existence of the EEOC policy statement appears to account for the differing outcomes in *Sofferin* and *McCullough* on the one hand, and *Mojica* on the other. And, we believe that the reasonableness of this statement alone supports our conclusion to apply § 102 prospectively. To be sure, however, in the event that the Seventh Circuit later reclaims *Bradley* and its progeny as controlling, we adopt Judge Norgle's measured and persuasive conclusion that retroactive application of § 102 of the 1991 Act would result in "manifest injustice." *See Sofferin*, 785 F.Supp. at 783–84; *McCullough*, 785 F.Supp. at 1312–13.