**1.** The Furnace Program is a publicly funded program that tests furnaces in low-income hous-

**Chrisnol LOUIS, Plaintiff,**

v.

**COMMUNITY AND ECONOMIC DEVELOPMENT ASSOCIATION OF COOK COUNTY, INC., Defendant.**

**No. 92 C 0191.**

United States District Court, N.D. Illinois, E.D.

April 15, 1992.

Ellen G. Robinson, Carol Crumbaugh–Dillard, Robinson, Curley & Clayton, P.C., Chicago, IL, for plaintiff.

Joel F. Handler, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Community and Economic Development Association of Cook County, Inc. ("CEDA") has moved to dismiss Count II of plaintiff Chrisnol Louis' complaint. For the reasons set forth below, we grant the motion to dismiss.

### I.

Louis, a black male born in Haiti, was employed by CEDA as the manager of its Furnace Program.[1] Despite being highly qualified and receiving positive work per-

ing for carbon monoxide.

formance reviews, Louis was discharged in 1990 because of what CEDA said was funding problems. No other individual in the Furnace Program was let go. An American white male replaced Louis. CEDA apparently did not offer Louis the opportunity to apply for another position within the organization. Louis alleges in this suit, among other theories, that his employment contract was terminated in violation of 42 U.S.C. § 1981 (1988).

CEDA argues that § 1981 covers neither termination of employment contracts nor discrimination based on national origin. Louis, in response, contends that § 101 of the Civil Rights Act of 1991 ("1991 Act") specifically overrides prior judicial decisions which held that termination of employment contracts are not governed by § 1981.[2] Because the alleged discriminatory treatment here occurred prior to passage of the 1991 Act, the key issue is whether the Act applies retroactively (as Louis urges). The retroactivity analysis is dispositive here, so we need not address the issue of whether § 1981 covers discrimination based on national origin.

## II.

Cases decided prior to the passage of the 1991 Act held that termination of employment contracts were not cognizable under § 1981. *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *McKnight v. General Motors Corp.*, 908 F.2d 104, 109 (7th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1306, 113 L.Ed.2d 241 (1991); *Adams v. Lever Bros. Co.*, 734 F.Supp. 815 (N.D.Ill. 1990). Thus, the viability of Count II hinges on the retroactivity of § 101 of the 1991 Act.

In *Moore v. Burlington Northern Railroad Co.*, 790 F.Supp. 781, 782 (N.D.Ill. 1992), this court determined that while the retroactivity issue has generated extensive debate, prospective application of the Act is required under both *Bradley v. School Board of Richmond*, 416 U.S. 696, 711, 94

S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) and *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). We noted that prospective application is compelled because, although the legislative history of the Act is not entirely clear, there is ample indication that Congress intended prospective application of the statute. Alternatively, we agreed with Judge John A. Norgle's analysis in *McCullough v. Consolidated Rail Corp.*, 785 F.Supp. 1309 (N.D.Ill.1992) that retroactive application of the 1991 Act would cause manifest injustice, thus fulfilling the other exception articulated in *Bradley*, 416 U.S. at 711, 94 S.Ct. at 2016. Because this case poses the identical issue (albeit with regard to a different section of the Act), we will adhere to our decision in *Moore* to apply the 1991 Act prospectively.

This result is consistent with the Eighth Circuit's recent holding that § 101 of the 1991 Act applies prospectively. *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992). In that case, the court determined that when the 1990 Civil Rights Act mandating retroactivity failed to pass, and 1991 Act omitting that mandate was passed, the legislative intent was "surely that the new law be prospective only." *Id.* at 1378; *see also Vogel v. City of Cincinnati*, 959 F.2d 594 (6th Cir.1992) (§ 102 of the 1991 Act applies prospectively). We believe this is a reasonable analysis of available legislative history.

## III.

Because termination of employment contracts was not a cognizable claim under § 1981 when Louis was discharged, and because § 101 of the Civil Rights Act of 1991 is to be applied prospectively, CEDA's motion to dismiss Count II is granted. It is so ordered.

---

**2.** Section 101 of the 1991 Act, in pertinent part, amends 42 U.S.C. § 1981 as follows: "(b) For purposes of this section, the term 'make and enforce contracts' includes the ... termination of contracts...." Pub.L. No. 102–166, 105 Stat. 1071–1100.