Imogene LUTE, Plaintiff,

v.

**CONSOLIDATED FREIGHTWAYS, INC., Defendant.**

No. S91–10M.

United States District Court, N.D. Indiana, South Bend Division.

April 27, 1992.

Aladean M. DeRose, South Bend, Ind., for plaintiff.

Douglas J. Heckler, Lester H. Cohen, Indianapolis, Ind., and Jill D. Jones, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Plaintiff Imogene Lute moves for application of the Civil Rights Act of 1991 ("the 1991 Act") to this case, and for leave to amend her complaint to request trial by jury and compensatory damages on her Title VII sex discrimination claim. Defendant Consolidated Freightways, Inc. ("Consolidated") opposes the motion. For the following reasons, the court concludes that Ms. Lute's motion should be granted.

Ms. Lute acknowledges a split of authority on the issue, but submits district court cases from the Seventh Circuit which apply the 1991 Act retroactively. In *Mojica v. Gannett Co., Inc.*, 779 F.Supp. 94 (N.D.Ill. 1991), the plaintiff sought to amend her complaint under Title VII and the Equal Pay Act to request trial by jury, compensatory damages, and punitive damages on her Title VII claim. Noting the inconclusive legislative history on the retroactivity of the 1991 Act, the court turned to case law for guidance in determining whether to apply a statute retroactively when the statute is inconclusive. The court found two lines of cases. *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), indicates that retroactivity is disfavored unless the statute or rule clearly requires it. *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), however, states that a statute becoming effective while a case is pending should be applied in the pending case unless there is a clear congressional intent to the contrary or unless application of the new law would result in manifest injustice to one of the parties.

The Seventh Circuit recently applied the *Bradley* reasoning in *Federal Deposit Insurance Corp. v. Wright*, 942 F.2d 1089, 1095 (1991):

*Bradley* established a presumption of retroactivity for legislative enactments,

which may be displaced by " 'a fair indication that the statute, properly construed, has only prospective effect.' " However, when the legislative history could support either view, the statute should be applied retroactively.

(citations omitted). Recognizing the *Georgetown* line of cases, the court determined that the statute in issue should be applied retroactively.

> Despite the existence of an alternative line of precedent, we believe there is no prejudice in applying only *Bradley* and its progeny to the facts in this case. Any tension between the two lines of precedent is negated because, under *Bradley*, a statute will not be deemed to apply retroactively if it would threaten manifest injustice by disrupting vested rights.

*FDIC v. Wright,* 942 F.2d at 1095, n. 6.

Relying on *Wright* and *Bradley,* the *Mojica* court first looked to the 1991 Act to determine whether, under a proper construction, it had only prospective effect, and found, "That Congress was overturning Supreme Court interpretations of the Civil Rights Act of 1964 is evidence against concluding there is a fair indication Congress intended the 1991 Act to apply prospectively only." *Mojica v. Gannett Co., Inc.,* 779 F.Supp. at 97.

Consolidated argues that prospective application may be inferred from the language of the 1991 Act. Section 102(a)(1), for example, provides that a "complaining party" "may recover compensatory and punitive damages." A "complaining party" is defined in section 102(d) as "a person seeking to bring an action." Section 102(c)(1) provides that a party may demand a jury trial. Consolidated argues that this language is prospective, and that a "complaining party" is one who has not yet filed a complaint. Consolidated also argues that to allow Ms. Lute to enjoy the benefits of a jury trial and compensatory damages long after her EEOC charge was filed would circumvent the administrative apparatus designed to promote conciliation and settlement prior to filing a federal complaint. The court does not agree, however, that the exercise of these additional rights under the 1991 Act would circumvent the administrative apparatus.

Like the *Mojica* court, this court also finds no congressional intent for prospective or retroactive application of the 1991 Act. The legislative history indicates that Congress intentionally left the language of the 1991 Act vague to prevent the issue of retroactivity from interfering with passage of the Act. *See* 137 Cong.Rec. S15483, 15485 (daily ed. Oct. 30, 1991). Essentially, the legislature's intent was not to legislate on this issue, but to leave it to courts that cannot avoid the issue.

 Absent clear congressional intent, the court may look to the construction of the agency that administers the statute, provided the agency's construction is reasonable. *EEOC v. Commercial Office Products,* 486 U.S. 107, 115, 108 S.Ct. 1666, 1671, 100 L.Ed.2d 96 (1988). The EEOC issued a policy statement on December 27, 1991, announcing that it would not seek compensatory damages under the 1991 Act for events occurring before November 21, 1991. EEOC: Policy Guide on Retroactivity of Civil Rights Act of 1991, Labor Relations Reporter (BNA), Vol. 8C, No. 688, at 405:6971–75 (Dec. 27, 1991). Consolidated urges the court to defer to the EEOC policy statement. The EEOC's decision, however, is not based on Title VII or the 1991 Act; it is based upon the EEOC's own analysis of Supreme Court decisions regarding the issue of retroactivity. Because the EEOC has no statutory mandate or special expertise on the general principles of retroactivity, the EEOC policy statement is entitled to no more deference than other authors commenting on the matter. Moreover, even if a reasonable interpretation of the 1991 Act should be entitled to deference, the EEOC opinion is not entitled to deference, because it is not reasonable under the law of the Seventh Circuit, as set forth in *FDIC v. Wright,* 942 F.2d at 1095. *See also Reliance Insurance Co. v. Ziegler,* 938 F.2d 781, 785 (7th Cir.1991); *Schalk v. Reilly,* 900 F.2d 1091, 1096 (7th Cir.), *cert. denied sub nom. Frey v. Reilly,*

—— U.S. ——, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990).

In *Orrego v. 833 West Buena Joint Venture*, 943 F.2d 730, 735 (7th Cir.1991), the court followed the reasoning of *Bowen v. Georgetown University Hospital*, 488 U.S. at 208, 109 S.Ct. at 471, and determined that a statute should not be applied retroactively unless its language so requires. However, the court stated that "this rule is even more appropriate when the statute affects vested rights." *Orrego v. 833 West Buena Joint Venture*, 943 F.2d at 735. The court went on to cite *Bradley v. School Board of City of Richmond*, 416 U.S. at 711–716, 94 S.Ct. at 2016–19, for the proposition that, "as a general rule, a court applies the law in effect at the time of decision." *Orrego v. 833 West Buena Joint Venture*, 943 F.2d at 736.

In *FDIC v. Wright*, 942 F.2d 1089, the court concluded that no vested rights would be disturbed by retroactive application of the statute involved; in *Orrego v. 833 West Buena Joint Venture*, 943 F.2d 730, the court concluded that applying the statute retroactively would restrict vested rights of owners of low income housing who had prepaid their mortgages. Although *Wright* and *Orrego* rely on different lines of authority, their holdings are consistent; in both cases the retroactive application of a statute depended upon whether the statute would affect vested rights.

Based on *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, and *FDIC v. Wright*, 942 F.2d 1089, the court will presume that the 1991 Act applies retroactively unless manifest injustice would result. Other district courts within the Seventh Circuit have followed *Bradley*. See, e.g., *Graham v. Bodine Electric Co.*, 782 F.Supp. 74 (N.D.Ill.1992); *Bristow v. Drake Street, Inc.*, No. 87C 4412, 1992 WL 14262 (N.D.Ill. Jan. 21, 1992); *Guess v. City of Portage*, No. H90–276, 1992 WL 8722 (N.D.Ind. Jan. 14, 1992); *Mojica v. Gannett Co., Inc.*, 779 F.Supp. 94 (N.D.Ill.1991).

■ Because the 1991 Act's language and legislative history do not indicate whether the statute should be applied retroactively, the 1991 Act applies unless its application would create a manifest injustice. *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. at 2008. To determine whether manifest justice would result from retroactive application, the court must consider: " '1) the nature and identity of the parties; 2) the nature of the rights affected; and 3) the impact of the change in law on pre-existing rights.' " *FDIC v. Wright*, 942 F.2d at 1096 (quoting *In re Busick*, 831 F.2d 745, 748 (7th Cir.1987)).

Consolidated argues that even under the *Bradley* analysis, the court should not apply the 1991 Act retroactively because of the manifest injustice it would create. Unlike *Wright*, which involved an individual and a public agency, this case involves private parties. Nonetheless, the case's issues involve matters of substantial public concern. See *Graham v. Bodine Electric Co.*, 782 F.Supp. at 76.

Consolidated also argues that the newly created rights under the 1991 Act have a substantial impact on the parties. As stated in *Bristow v. Drake Street, Inc.*, 1992 WL 14262, at *2, however, "No additional duty is imposed upon defendants by retroactive application of sections 102 and 107. Those sections simply augment the remedies and damages that result from a violation of Title VII."

■ The court agrees with the reasoning of *Guess* and *Mojica*, and finds that retroactive application of the jury trial and damages provisions of the 1991 Act creates no manifest injustice. Because the discrimination alleged in the complaint always was prohibited during the course of Ms. Lute's employment, the 1991 Act does not affect the parties' rights and obligations. Ms. Lute's increased potential for damages "is not likely to have affected the conduct of the parties in committing any acts of discrimination that may have occurred." *Mojica v. Gannett Co., Inc.*, 779 F.Supp. at 98.

Accordingly, the court now GRANTS the plaintiff's motion to apply the 1991 Civil Rights Act, and affords her to and includ-

ing May 12, 1992 within which to file an amended complaint.

SO ORDERED.