**Cliff REDDEN, Plaintiff,**

v.

**WAL–MART STORES, INC., et al., Defendants.**

No. S92–102M.

United States District Court, N.D. Indiana, South Bend Division.

Nov. 6, 1992.

Bonita A. Schaaf, Thomas Alevizos, Michigan City, Ind., for plaintiff.

Charles W. Pautsch, Frank A. Gumina, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

When enacting the Civil Rights Act of 1991, Congress left open the question of the Act's retroactive application, assuring that the nation's federal courts would have literally thousands of opportunities to decide and disagree. The motion to strike now pending in this case rests on the proposition that the Act does not apply to cases which, though filed after the Act's effective date, are based on conduct occurring before the Act's effective date. The plaintiff disagrees.

Each side has filed exceptionally well-written and well-reasoned briefs. Under the present state of the law in this circuit, however, the court believes the issue can be dealt with briefly. When the issue first arose in this court, before guidance was received from the Seventh Circuit, this court agreed with the reasoning advanced by the plaintiff today, and held the 1991 Act retroactive. *Lute v. Consolidated Freightways, Inc.*, 789 F.Supp. 964 (N.D.Ind.1992). Shortly thereafter, the Seventh Circuit began to provide the guidance that led to this court's reversal of its position in *Lute*.

First in *Mozee v. American Commercial Marine Service Co.*, 963 F.2d 929 (7th Cir. 1992), and then more emphatically in *Luddington v. Indiana Bell Telephone Co.*, 966 F.2d 225 (7th Cir.1992), the Seventh Circuit made it clear that the Act does not apply retroactively. The court agrees with the plaintiffs that this case is distinguishable from *Mozee* and *Luddington* in that the complaint in this case was filed after the Act's effective date. This factual distinction deflects the holdings of *Mozee* and *Luddington*, but does not undercut the reasoning of *Luddington*.

The *Luddington* court plainly recognized that different analyses might be offered as to cases arising before but filed after the Act's effective date, 966 F.2d at 227, and tailored its reasoning to cover that possibility. Because that reasoning underlay the holding in *Luddington*, it cannot be considered *dicta*. The court agrees with those district courts within this circuit that have held that *Luddington* forecloses applicability of the 1991 Act in cases in which the challenged conduct occurred before November 21, 1991, even if the complaint was filed after that date. *Deinde v. American Telephone and Telegraph*, 1992 WL 297383, 1992 U.S.Dist. LEXIS 15575 (N.D.Ill. Oct. 8, 1992) (Anderson, J.); *Ratay v. Montgomery Ward & Co.*, 1992 WL 281357, 1992 U.S.Dist. LEXIS 15203 (N.D.Ill. Oct. 6, 1992) (Conlon, J.); *Augustin v. Mason*, 1992 WL 245627, 1992 U.S.Dist. LEXIS 14368 (N.D.Ill. Sept. 23, 1992) (Leinenweber, J.); *Simon v. Ravenswood Hospital Medical Center*, 1992 WL 209509, 1992 U.S.Dist. LEXIS 12430 (N.D.Ill. Aug. 18, 1992) (Aspen, J.); *United States Equal Employment Opportunity Commission v. Northwestern Steel & Wire, Inc.*, 1992 WL 188321, 1992 U.S.Dist. LEXIS 11985 (N.D.Ill. July 20, 1992) (Reinhard, J.).

The court recognizes that the Ninth Circuit appears to have disagreed with the Seventh Circuit, *Davis v. City and County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992), but further discussion of *Davis* by this court would be inappropriate. While this court owes no more than respectful consideration to decisions from other cir-

cuit courts of appeal, *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987), a district court in the Seventh Circuit is bound by controlling Seventh Circuit precedent. The court does not believe *Luddington* to be any less controlling by the lack of an *en banc* determination.

Accordingly, the court GRANTS the defendants' motion to strike the plaintiff's claim under 42 U.S.C. § 1981 and the plaintiff's requests for compensatory and punitive damages.

SO ORDERED.